This is defendant’s second motion for summary judgment in this case, this one on the merits. The first motion, which was granted in part by the court’s order of January 8,1982, challenged the jurisdiction of the court based on the twisted procedural posture of the case. We held in the January 8, 1982, 229 Ct. Cl. 762, order that plaintiff was barred from seeking relief under the Contract Disputes Act of 1978, but that the court had jurisdiction of the case under the Tucker Act. We remanded to the trial division on two issues. The trial division was first to determine whether plaintiff is *1042 entitled to trial de novo in the court under the Tucker Act or whether, due to a decision rendered on April 30,1981, by the Department of the Interior Board of Land Appeals (board), Wunderlich Act rules of limited review should apply. In either case, the trial division was then to address the merits.
Before the trial division had the opportunity to consider the case, defendant filed the present motion for summary judgment on the merits. Defendant attempts to avoid the procedural uncertainties of the case by urging that, regardless of the standard of review, plaintiff cannot prevail on the merits as a matter of law. Plaintiff, opposing the motion, alleges that there are genuine issues of disputed fact present in the case which preclude summary judgment and require trial de novo.
Neither party has briefed the procedural issue which was remanded to the trial division and upon which their respective views of the case depend. However, with the merits squarely before us, we find that defendant is entitled to judgment as a matter of law on some issues and so remand to the trial division only on the remaining issues.
Plaintiff on the merits has three claims: the actual volume of timber harvested significantly underran the estimates contained in plaintiffs lump-sum timber sale contract with the Government; the amount of rock required for road construction was significantly greater than estimated in the contract; and the Government assessed against plaintiff road use fees for the use of alternative routes necessitated by a landslide on one of the logging roads used by plaintiff. Defendant makes substantive counterclaims which are addressed by neither party in connection with this motion.
1. Since the January 8, 1982, order and the briefing on this motion, the court has decided two cases which bear directly upon the timber quantity underrun question. Because these new cases preclude recovery by plaintiff as a matter of law, we see no reason to delay decision by remanding this issue to the trial division. Webco Lumber, Inc. v. United States, ante at 457, 677 F.2d 860 (1982), and Caffall Bros. Forest Products, Inc. v. United States, ante at 517, 678 F.2d 1071 (1982), hold that where the Government *1043 has clearly disclaimed any warranty of quantity of timber, that disclaimer is effective even if the contract and supporting documents provide estimates of quantity. The basis of the two opinions was the clear, unequivocal disclaimers in the contracts and bidding information.
The present case is in all material aspects identical to Webco,[1] as plaintiff conceded in its brief (albeit before the Webco decision had been rendered). The "Deposit and Bid for Timber, Lump Sum Sale” forms and the contracts themselves are identical. They carefully state that the estimates are not to be construed as guarantees; they expressly disclaim any warranty of volume; they clearly require that payment is to be made without regard to the actual volume harvested; each encourages the contractor to make its own estimates; and each specifically states that the purchaser warrants that the contract is based upon its own inspection of the timber. In the face of this clear language, plaintiffs claims cannot stand.
In its opposition to summary judgment plaintiff argues that certain facts are in dispute and so summary judgment is precluded. Plaintiff wishes to explore the intent of the parties, industry practice, and the sufficiency of time for and the cost of a volume inspection by plaintiff. However, on the basis of the clear contractual language, plaintiff could not prevail regardless of what it proves in relation to the above disputed facts. A contractor cannot, as plaintiff did, sign a contract which states,
[purchaser warrants that this contract is accepted and executed on the basis of its examination and inspection of the timber sold under the contract and its opinion of the value thereof, in 1975, and then in 1982 come into this court, make the bare allegation that it had insufficient time to inspect the timber, and expect the court to override the contractual terms.
Plaintiff cannot recover as a matter of law. Being a question of law, the standard of review under the Wunder-lich Act is no different than for de novo consideration and *1044 so there is no need to decide the procedural issue as to the timber quantity underrun claim.
2. On plaintiffs claim for the additional rock needed to construct the logging roads, we also find that defendant is entitled to judgment as a matter of law. Plaintiffs argument is that the contract estimated that a certain amount of rock was needed to construct the roads to their finished specifications and that the Government is therefore liable for the amount of rock needed beyond that estimate. The contract, however, does not estimate amount of rock; rather, it sets out complete specifications for the finished road, including its dimensions and the quality of materials to be used. The estimates of amount of rock were plaintiffs, not defendant’s.
Plaintiff argues, however, that since it used "recognized engineering calculations” in its own estimates, such estimates were implicitly part of the contract. We must reject this premise. Plaintiff promised to build the roads for a fixed consideration — the timber it could extract from the forest — and plaintiff assumes the risk that its estimates of its costs of doing so are in error. McNamara Construction, Ltd. v. United States, 206 Ct. Cl. 1, 7-8, 509 F.2d 1166, 1169-70 (1975); Sperry Rand Corp. v. United States, 201 Ct. Cl. 169, 181, 475 F.2d 1168, 1175 (1973).
Plaintiff cites cases concerning compensation for work done in excess of the contract specifications, but those cases would only be relevant if plaintiff alleged that the road, as built to the contracting officer’s requirements, exceeded the specifications for the finished road in the contract. We do not hold that it is impossible for specifications implicitly to estimate amounts — for example, where there is a contract price set by reference to a specific per unit cost, see United Contractors v. United States, 177 Ct. Cl. 151, 168-72, 368 F.2d 585, 599-601 (1966) — but here there is no such specification or estimate. The cost of building the road is part of the risk plaintiff took in entering this lump sum contract. Unless the contracting officer exceeded the finished specifications, plaintiff has no case on the contract. Plaintiff has not alleged, either in its complaint or brief or in attached affidavits, that such is the case. See, e.g., Hartwig v. United States, 202 Ct. Cl. 801, 810, 485 F.2d 615, *1045 620 (1973). Therefore, plaintiffs claim is precluded as a matter of law.
3. The landslide claim must be returned to the trial division. Plaintiff contends, and contended before the board, that the landslides which rendered impassable plaintiffs logging road were caused by the Government’s faulty design for the road. Plaintiff demands the return of road use fees for alternative routes and incidental damages for delay and extra mileage.
If review of this case is on a de novo basis, plaintiff has failed in its opposition to summary judgment to support its conclusory allegations of poor road design with any affidavits alleging facts. Rule 101(f) states:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.
Plaintiff has done precisely what Rule 101(f) cautions against. Hartwig, 202 Ct. Cl. at 810-11, 485 F.2d at 620-21 (interpreting Rule 101(f)); Royal Indemnity Co. v. United States, 178 Ct. Cl. 46, 51-52, 371 F.2d 462, 465, cert. denied sub nom. Jersey State Bank v. Royal Indemnity Co., 389 U.S. 833 (1967) (interpreting predecessor to Rule 101(f)). The fact that the Government disagreed with plaintiffs conclusory allegations in a letter responding to plaintiffs letter to the Government has no effect on the operation of Rule 101(f). It does not create a genuine issue of fact because neither letter is an affidavit as required by Rule 101(f). If this issue is to be decided de novo by the court, then the trial division would be justified in recommending, should it choose to do so, that summary judgment be entered against plaintiff.
However, the matter is far more confused if the applicable review is under the Wunderlich Act. The board decided, 54 ILBA 309, 319 (1981):
We agree that there was no apparent negligence on the part of appellant in precipitating the rockslide. But *1046 neither has appellant shown how the Government was to blame.
We have examined the record and this statement is supported by substantial evidence as far as it goes. The record presents nothing but plaintiffs conclusory allegations of a design defect and, as we have indicated, that will not sustain plaintiffs case past summary judgment.
Nevertheless, we are concerned that plaintiff did not have sufficient opportunity to present its case before the board. As we discovered in defendant’s first motion for summary judgment, the board’s action was stayed on February 6, 1979, after appeal documents had been filed but before plaintiffs request for an oral hearing had been acted upon. Then, after action by plaintiff before other agencies and this court, the board sua sponte dissolved its stay and issued the order quoted above. The board denied in that decision plaintiffs request for an oral hearing before an administrative law judge. If Wunderlich Act review applies, the trial division should consider whether plaintiff was precluded from presenting evidence beyond its conclu-sory allegations of design defect.[2] The trial division should then recommend the action it deems appropriate - remand, affirmance, reversal - based on its findings. We do not prejudge this issue; we simply hope to clarify its setting.
4. Defendant’s counterclaims are not addressed in the motion for summary judgment, so they too must be remanded to the trial division for a recommendation, in accordance with Rule 102(d).
it is therefore ordered, after careful consideration of the parties’ submissions and without oral argument,[3] that defendant’s motion for summary judgment is granted with respect to the timber quantity claim and the rock quantity claim and those parts of the petition are dismissed; defendant’s motion is denied with respect to the landslide claim; and the case is remanded to the trial division for consider *1047 ation of and recommendations on the landslide claim and defendant’s counterclaims, in accordance with this order.
July 23,1982
ON PLAINTIFF’S MOTION TO AMEND PETITION
PER CURIAM:
On June 4, 1982, we entered an order in this case which, inter alia, dismissed plaintiffs petition with respect to claims based on the underrun of timber from the volume estimates in the contract and supporting documents. We held that the Government had effectively disclaimed any warranty of volume. Plaintiff now seeks to amend its petition to allege Government misrepresentation of volume, as opposed to mere negligence in preparing its estimate.
We would be extremely reluctant to permit plaintiff to go forward on its misrepresentation claim. The contract included a provision which stated:
Purchaser [i.e., plaintiff] warrants that this contract is accepted and executed on the basis of its examination and inspection of the timber sold under this contract and its opinion of the value thereof.
It would seem that such a warranty by plaintiff — quite apart from the numerous disclaimers of warranty by defendant — necessarily precludes any claim by plaintiff based on its reliance on figures provided by defendant.
We need not reach that issue, however, because the affidavits supplied by plaintiff present no new facts sufficient to justify in effect reopening the case. The affidavit of Andrew T. Canfield, a law student who calculated the amount by which the estimates varied from the actual harvest, proves only that the estimates overstated rather than understated the amounts. This is nothing new. Were this not the case, plaintiff would not have sued in this court in the first place. The affidavit of William L. Gray, the logging manager for plaintiff, alleges nothing more than that defendant’s estimates were too high, that the industry *1048 relies on these estimates, and that plaintiff had insufficient opportunity to complete its own inspection. Our June 4th order expressly held that none of these facts could overcome the Government’s disclaimers and plaintiffs warranty of inspection. Mr. Gray alleges only that in his opinion the estimates were negligently prepared and that he "believe[s] that evidence may show” (emphasis supplied) bad faith. In other words, he alleges no facts beyond those which we found insufficient in our June 4th order. We will not reopen the timber underrun case on this basis.
it is therefore ordered, after careful consideration of both parties’ submissions and without oral argument, that plaintiffs motion for leave to amend its petition is denied. Plaintiffs motion for enlargement of time to file a motion for reconsideration and rehearing en banc is allowed, and, all active judges of the court having reviewed the motion for rehearing en banc, both it and the motion for reconsideration are denied.

 Caffall Bros. Forest Products, Inc. v. United States, ante at 517, 678 F.2d 1071 (1982), involved a purchaser credit for road construction, which was to be applied to the bid price. The plaintiff had argued that this credit was in effect a guarantee of a minimum quantity of timber The court also rejected this refinement to the basic arguments in Webco Lumber, Inc. v. United States, ante at 457, 677 F.2d 860 (1982), and the instant case, insisting on the effectiveness of the contract disclaimer.

 Plaintiff would not have been precluded from presenting such evidence if it had none. In view of plaintiffs failure to supply affidavits at this stage, plaintiff should be required to demonstrate that it has probative evidence of this nature.

 Plaintiffs request for a hearing en banc, having been considered by all the active judges, is denied; plaintiffs alternative suggestion for oral argument before the panel is also denied.