**B.D. CLICK COMPANY, INC.**

v.

**The UNITED STATES.**

No. 410–81C.

United States Claims Court.

Nov. 24, 1982.

George A. Gonzales, Abilene, Tex., for plaintiff.

Louis R. Davis, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

**240**

ON DEFENDANT'S MOTION
TO DISMISS

OPINION

WHITE, Senior Judge.

B.D. Click Company (plaintiff) instituted this action in order to obtain additional compensation in connection with the performance of General Services Administration Contract No. GS–07B–30543. The contract, which was dated September 5, 1978, was a fixed-price, Standard Form 23 construction contract for modernization of the restrooms at the United States Post Office—Court House in Brownsville, Texas.

The plaintiff's complaint (filed as a petition under the rules of this court's predecessor, the United States Court of Claims) contains 11 separate claims for additional compensation under the "changed conditions" clause of the contract and one claim under the "modifications" clause.

The defendant has moved to dismiss the complaint on the grounds (1) that 10 of the plaintiff's claims are barred by the applicable 12-month statute of limitations, and (2) that the plaintiff failed to exhaust its administrative remedies for the remaining two claims.

The court agrees with the defendant that the court lacks subject-matter jurisdiction to consider the plaintiff's claims. Accordingly, the court concludes that the complaint must be dismissed.

*The Statute of Limitations Issue*

The plaintiff filed its complaint under the "direct access" provision contained in section 10(a) of the Contract Disputes Act of 1978 (41 U.S.C. § 609(a) (Supp. IV 1980)). A direct access action must be brought within 12 months after a government contractor receives a final decision on a claim submitted to the contracting officer (41 U.S.C. § 609(a)(3)).

In this case, the plaintiff received a final decision from the contracting officer on June 24, 1980, for the 10 claims set out in paragraphs IV, V, VI, VII(1) through VII(5), VIII, and IX of the amended complaint. On June 12, 1981, the plaintiff mailed its original complaint to the Court of Claims. The clerk of that court notified plaintiff's counsel, at least by June 15, 1981, that the complaint would not be filed because it did not conform to Court of Claims Rules 214(a) and 213(b). Plaintiff's counsel then waited until June 23, 1981—which was the day before the last day on which the complaint could be timely filed—to mail a conforming complaint to the court. The clerk's office received and filed the conforming complaint on June 29, 1981.

The plaintiff does not deny that the conforming complaint arrived at the clerk's office after the 12-month filing period had expired. The plaintiff, however, has moved for a corrective order pursuant to our Rule 3(b)(2)(C) (Rule 21(b)(2)(iii) of the Court of Claims). Rule 3(b)(2)(C) provides as follows:

> (C) In a situation where a complaint is stamped by the clerk after the last date allowed by a statute of limitations for the filing of the complaint, if the complaint was received by the clerk through the mail, it may, by order of court, upon motion of the party plaintiff, be deemed to have been filed on the last date allowed if there is a proper showing (i) that the complaint was sent by registered or certified mail, properly addressed to the clerk of the court at 717 Madison Place, N.W., Washington, D.C. 20005, and with return receipt requested, (ii) that it was deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail, and (iii) that the party plaintiff as sender exercised no control over the mailing between the deposit of the complaint in the mail and its delivery.

The plaintiff's motion for a corrective order is denied for the reason urged by the defendant. The plaintiff has not made any showing that the conforming complaint was mailed in sufficient time for receipt by the clerk "in the ordinary course of the mail" before the filing deadline. On the other hand, the uncontradicted affidavit of J.

Paul Seehaver, a United States Postal Service official, establishes that, in the ordinary course of the mail, it would require at least 3 days for a first-class letter mailed in Abilene, Texas, to reach Washington, D.C. As the plaintiff's complaint was dispatched from Abilene on June 23, 1981, by certified mail, it could not have arrived in Washington, D.C., by the last permissible filing date, June 24, 1981.[1] Therefore, the complaint should not be deemed to have been filed on the last day allowed; and, consequently, the first 10 of plaintiff's claims are barred by the 12-month statute of limitations.[2]

### The Exhaustion of Administrative Remedies Issue

■ The plaintiff's remaining two claims—those alleged in paragraphs X and XI of the amended complaint—must be dismissed for failure to exhaust administrative remedies.

The "disputes" clause in the contract, and also section 6(a) of the Contract Disputes Act of 1978 (41 U.S.C. § 605(a) (Supp. IV 1980)), required plaintiff to submit any claims against the Government in writing to the contracting officer for a final decision. The plaintiff has failed to produce or cite any evidence establishing either that it submitted a written claim to the contracting officer or that the contracting officer rendered a final decision.[3] The defendant's submissions, on the other hand, establish that neither of the two conditions for relief under the Contract Disputes Act was satisfied.[4] Consequently, the court lacks subject-matter jurisdiction to consider plaintiff's claims set out in paragraphs X and XI of the complaint. *See, e.g., Paragon Ener-*

*gy Corp. v. United States,* 227 Ct.Cl. 176, 177, 645 F.2d 966, 967 (1981).

### Conclusion

For the reasons previously stated in the opinion, the defendant's motion to dismiss is granted; and the complaint will be dismissed.

1. Certified mail is dispatched as ordinary mail at the first-class mail postage rate. *See* Domestic Mail Manual § 912.1, 912.2.

2. Plaintiff correctly cites *Charlson Realty Co. v. United States,* 181 Ct.Cl. 262, 279, 384 F.2d 434, 445 (1967), for the proposition that "every reasonable presumption of the arrival of a petition in due course of the mails when sent to the court by mail should be indulged in by this court." However, in this case, unlike in *Charlson,* defendant has rebutted the presumption.

3. A Release of Claims under the contract executed by plaintiff included two items similar to the claims alleged in paragraphs X and XI of the complaint. However, these items in the release were exceptions to the release, not claims pursuant to the "disputes" clause.

4. Defendant has submitted affidavits to this effect from several individuals who acted successively as contracting officer in the performance of plaintiff's contract.