This is one of a number of cases brought in this court by Gregory Lumber Company (Gregory), stemming from contracts to purchase standing timber from the Government. Defendant has moved for summary judgment on the ground that the case is not properly here. This panel has heard oral argument in this case, and we consider it alone, on its own specific facts. We make no attempt to decide other suits by this plaintiff in which the facts may differ. Moreover, we *763 shall decide at this time only two of the several questions posed to us.
The first issue is whether plaintiff may sue in this court under the "direct access” provision of the Contract Disputes Act of 1978, 41 U.S.C. § 609(a)(1) and (3). There is a dispute whether the contract claim in issue was still pending before the contracting officer on the effective date of the Act (March 1, 1979), but we can assume arguendo with plaintiff (but without deciding) that that claim was still pending and was decided thereafter on November 6, 1979. Even so, suit was not filed here until March 9, 1981 — much beyond the twelve month limit established by the Act, for a "direct access” action. § 609(a)(3). This definite limitation period was not tolled by plaintiffs efforts to seek review of the contracting officer’s decision by the Interior Board of Contract Appeals. Under the "direct access” provision, such administrative review was clearly not a mandatory prerequisite. Indeed, it was not a prerequisite at all; the presupposition of the "direct access” system is that suit here may be commenced immediately after the contracting officer’s decision, without resort to a board of contract appeals. See Tuttle/White Constructors, Inc. v. United States, 228 Ct. Cl. 364, 359, 656 F.2d 644, 646-47 (1981). Congress has set the twelve-months limit, and this court cannot and should not read into it exceptions and tolling provisions Congress did not contemplate or authorize. Soriano v. United States, 352 U.S. 270 (1957). Accordingly, plaintiffs petition, to the extent that it invokes the "direct access” part of the Contract Disputes Act, is beyond our jurisdiction and must be dismissed.
The second issue is whether plaintiff may proceed in this court under the Tucker Act. Gregory contends that it may, because (a) it clearly brought suit within six years (see 28 U.S.C. § 2501) of the contracting officer’s final decision (whenever it may have been) and (b) the contract did not require or contemplate exhaustion of any administrative remedies within the Interior Department. The result, says plaintiff, is that it is entitled to a full de novo trial in this court. Defendant insists, to the contrary, that Gregory was required to exhaust its remedy through the Interior Board of Land Appeals. Since this suit was begun, that Board has *764 rendered a decision against plaintiff on its claim, and the Government now argues that, if this suit can be maintained at all, it can be done only under the rules and principles pertaining to Wunderlich Act reviews. These are issues which we shall not decide ourselves but shall leave to the Trial Division after such further proceedings as the trial judge deems appropriate.[1]
Belatedly, defendant presses on us, alternatively and conditionally, the proposition that plaintiff may be wholly out of court because it elected (by appealing to the Board of Contract Appeals) to come under the Contract Disputes Act but has failed to seek timely review by this court of that Board’s decision that the Act did not cover plaintiff.
The somewhat complicated facts are these: Plaintiff first presented its claim to the contracting officer on June 20, 1978; this was denied on November 21, 1978. On December 8, 1978, Gregory appealed to the Interior Board of Contract Appeals and, on the same day, also appealed to the Interior Board of Land Appeals. The Government sought and obtained a stay of proceedings from the Land Appeals Board. However, after the present suit was filed in this court (on March 9, 1981), the latter Board decided (on April 30, 1981) the claim adversely to plaintiff; this was confirmed by that Board on June 2, 1981. Meanwhile, on June 28, 1979, the Interior Board of Contract Appeals issued a rule to show cause why the appeal to it should not be dismissed for lack of jurisdiction under the Contract Disputes Act (or otherwise). The parties took opposing stands. On September 28, 1979 the Contract Board of Appeals dismissed the claim for lack of jurisdiction and confirmed that ruling on November 23, 1979. After the contracting officer (in plaintiffs view) reconsidered the claim and denied it on November 6, 1979,[2] Gregory filed a new appeal pursuant to the Contract Disputes Act, which was again dismissed (on March 11, 1980) for lack of jurisdiction.
*765 In this complex of circumstances, we cannot find a binding election by plaintiff to proceed under the Contract Disputes Act. In 1979 and 1980, there was great controversy whether the new Disputes Act covered this timber sales agreement: first, it was unclear whether such a contract was for the sale of goods or was, instead, a contract affecting land, and, second, there was a dispute in this case whether the claim was still pending before the contracting officer on March 1, 1979 (the Act’s effective date), and was decided thereafter. The first issue was not determined in favor of coverage until this court’s decision (on May 20, 1981) in Everett Plywood Corp. v. United States, 227 Ct. Cl. 415, 651 F.2d 723 (1981)[3] The second is still controverted and has not yet been decided by a judicial tribunal; indeed, defendant still maintains that the claim was not pending on March 1, 1979. In this state of flux, plaintiff was justified in seeking review, as it did, by both the Board of Contract Appeals and the Board of Land Appeals, either one of which or neither of which might properly have jurisdiction. Though plaintiff assumed and contended (in its appeal to that Board) that the Board of Contract Appeals had jurisdiction, the choice to appeal there was not a true election if one takes account of the real uncertainty prevailing during that period. The effort, rather, was more to protect Gregory’s rights in a very unclear situation. Similarly, the untimely "direct access” suit in this court cannot be considered a proper election; the petition also invoked the Tucker Act and was likewise an effort to preserve all rights.
Tuttle/White Constructors, Inc. v. United States, 228 Ct. Cl. 354, 656 F.2d 644 (July 29, 1981), was quite different. There, the claimant was expressly told that it could elect under the Contract Disputes Act, but failed to do so. It proceeded as if under the prior law until well into the pre-Disputes Act disputes-process. We held that that contractor had deliberately elected not to come under the Contract Disputes Act. Here, on the other hand, plaintiff was never told that it could elect — indeed, the Government emphatically urged that there was no coverage under the Disputes *766 Act and the Board of Contract Appeals so held — and the contractor acted to preserve its position during a very uncertain and transitional time. It would be unjust now to outlaw plaintiff entirely because it sought to keep its possible remedies alive.
For these reasons, we hold that (1) plaintiff cannot avail itself of the "direct access” provision of the Contract Disputes Act; (2) plaintiff has not elected to come under the Disputes Act;[4] (3) the petition is dismissed insofar as it invokes or rests on the Contract Disputes Act; (4) the case can nevertheless proceed in this court under the Tucker Act; and (5) the case is remanded to the Trial Division for further proceedings under the Tucker Act, including but not limited to the issues specified above. Accordingly, defendant’s motion for summary judgment (as expanded by its briefs and memoranda) is granted in part and denied in part and the case is remanded to the Trial Division.

 We also remand to the Trial Division, for disposition, plaintiffs motions respecting its request for reconsideration of the court’s order regarding suspension of discovery.

 The defendant strongly disputes the plaintiffs position that there was such a reconsideration after the Contract Disputes Act went into effect.

 In Everett the trial judge had previously decided the other way.

 For this reason it is unnecessary to decide other issues (e.gthe necessity for certification) which arise only under the Contract Disputes Act.