**Willie HAWKINS, d/b/a Hawkins Electric and Construction**

v.

**The UNITED STATES.**

No. 421–81C.

United States Claims Court.

Jan. 3, 1983.

---

**5.** *See supra,* note 3.

Willie Hawkins, pro se.

Carmen M. Shepard, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### OPINION

WHITE, Senior Judge.

The plaintiff, a subcontractor under a contract between the Small Business Administration (SBA) and the United States Air Force, filed this action following a decision by the contracting officer denying a monetary claim submitted by the plaintiff under the contract.[1]

---

**1.** Although the SBA was the prime contractor, the contract authorized the plaintiff to appeal

The defendant has submitted a second motion for summary judgment in the case, the plaintiff has responded to the motion, and the defendant has replied to the response.

It is concluded, on the basis of the undisputed facts reflected by the present record, that the defendant is entitled to a judgment as a matter of law.

The plaintiff filed the present action pursuant to the "direct access" provision of section 10(a) of the Contract Disputes Act of 1978 (41 U.S.C. § 609(a) (Supp. IV 1980)). Any "direct access" action must be filed within 12 months after the contractor receives the contracting officer's decision on a claim. *Id.* § 609(a)(3); *B.D. Click Co. v. United States,* 1 Cl.Ct. 239 at 240–241 (1982) (White, Senior Judge). Absent such a timely filed action, the contracting officer's decision is "final and conclusive and not subject to review by any forum * * *" (41 U.S.C. § 605(b) (Supp. IV 1980)).

On December 3, 1981, the defendant filed its first motion for summary judgment, on the ground that the plaintiff filed the complaint (formerly denominated a petition) more than 12 months after the contracting officer's decision was received. The defendant asserted that the plaintiff received the contracting officer's decision on July 2, 1980, but did not file the complaint until July 6, 1981.

In denying without prejudice the defendant's first motion for summary judgment, which was unopposed, this court's predecessor, the U.S. Court of Claims, held that the defendant's documents did not establish that the plaintiff received the contracting officer's decision on July 2, 1980. *Hawkins v. United States,* Ct.Cl. No. 421–81C (Order of Feb. 9, 1982).

In support of the first motion for summary judgment, the defendant presented return receipts showing transmission of copies of the contracting officer's decision to the

decisions of the contracting officer.

SBA and to the plaintiff in San Antonio, Texas, by certified mail on July 1, 1980, and the receipt of the documents by the SBA and by "Robbie Sayles" at the plaintiff's address in San Antonio. Both receipts bear a San Antonio postal stamp dated July 2, 1980. Both receipts also contain a space for indicating the "date of delivery." The notation "7/2/80" appears on the SBA receipt. The date-of-delivery space on the plaintiff's receipt, however, is blank. The Court of Claims concluded that the mere existence of the stamped post office date of July 2, 1980, on the plaintiff's receipt did not establish that the plaintiff received the contracting officer's decision on that date.

In support of its present motion for summary judgment, filed July 12, 1982, the defendant offers additional evidence which definitely establishes that the plaintiff received the contracting officer's decision no later than July 2, 1980.

The defendant has submitted the affidavit of Jessee A. Cabrera, Acting Manager of the Claims and Inquiry Section of the United States Post Office in San Antonio, Texas. Mr. Cabrera states that the Domestic Mail Manual requires that the Post Office postmark and mail all return receipts "no later than the first working day after delivery." *See* Domestic Mail Manual Regulation 932.41–b. As the plaintiff's receipt was postmarked *after* delivery, the plaintiff must have received the contracting officer's decision on or before July 2, 1980.

Mr. Cabrera also states that Postal Service employees must complete and file form PS 3849–A, which indicates the delivery date for certified and registered mail. The defendant has submitted a PS 3849–A form bearing a delivery date of July 2, 1980, for the article mailed to the plaintiff.

In a brief statement opposing defendant's second motion for summary judgment, the plaintiff states that the evidence fails to establish that the plaintiff received the contracting officer's decision on July 2, 1980,[2] or that the plaintiff or any of his agents

signed the return receipt. However, the plaintiff's bare assertion fails to "set forth specific facts showing that there is a genuine issue for trial." United States Claims Court Rule 56(e). In this connection, the plaintiff's answers to interrogatories submitted by the defendant reveal that Robbie Sayles, the signatory on the return receipt, was the plaintiff's secretary on July 2, 1980, and that her duties included receiving incoming mail.

## CONCLUSION

The court concludes that the plaintiff's action was not timely filed under the Contract Disputes Act of 1978, that there is no genuine issue of any material fact, and that the defendant is entitled to a judgment as a matter of law. Accordingly, the defendant's motion for summary judgment is granted, with the complaint to be dismissed.

It is so ordered.

---

2. The court assumes that the date given in plaintiff's statement, "July 25, 1980," is the result of a typographical error.