**KASLER/CONTINENTAL HELLER/FRUIN COLNON,**
**Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93–85C.**

United States Claims Court.

Nov. 26, 1985.

Michael Futch, San Bernardino, Cal., for plaintiff.

George M. Beasley, III, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

NETTESHEIM, Judge.

Defendant has moved, over plaintiff's opposition, for partial summary judgment dismissing Count I of plaintiff's complaint.

### FACTS

The following facts are not disputed. This case concerns a contract between Kasler/Continental Heller/Fruin Colnon ("plaintiff") and the Army Corps of Engineers (the "Corps") for the construction of the Space Transportation System-Package II at Launch Complex Six, Vandenberg Air Force Base, California. On February 15, 1983, plaintiff, pursuant to the Contract Disputes Act, 41 U.S.C. §§ 601–613 (1982) (the "CDA"), submitted to contracting officer Col. Paul W. Taylor Claim No. 9 concerning "spot welds," which sought costs allegedly incurred in performing additional work under the contract. On February 10, 1984, Col. Taylor issued a final decision denying plaintiff's claim.

The letter containing the final decision was sent by certified mail, "Return Receipt Requested," to plaintiff's post office box at the main branch of the United States Post Office in Lompac, California. A secretary employed by plaintiff declares that during February 1984 she was responsible for signing for and collecting plaintiff's certified mail delivered to the Lompac Post Office at the close of plaintiff's business day. On the following day, she would deliver the mail to plaintiff's office and stamp it "received". Declaration of Elizabeth McAllister, Nov. 12, 1985, ¶¶ 2–3. Plaintiff concedes that Mrs. McAllister collected the letter memorializing Col. Taylor's final decision on February 13, 1984.

The declarations of two United States Postal Service employees, Randy Myers and David Christensen, state that Mr. Myers completed and filed PS Form 3849-A after delivering the certified letter at issue to Mrs. McAllister. Declarations of Randy Myers and David Christensen, Oct. 3, 1985. "The date of the day of delivery of the ... [certified letter] is ... recorded and initialled on the form 3849 by the postal clerk who delivers or gives the article of mail to the addressee...." Christensen Decl. ¶ 3. Mr. Christensen also submitted a copy of the subject PS Form 3849-A.

On February 14, 1985, plaintiff filed its complaint in this court under 41 U.S.C. § 609(a)(1). Defendant contends that Count I is barred by the CDA's statute of limitations, 41 U.S.C. § 609(a)(3), because the action was commenced over 12 months from the date on which plaintiff received the contracting officer's final decision denying Claim No. 9.

## DISCUSSION

Section 609(a)(3) of the CDA provides that any action in this court "shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim." If a suit is not timely filed, the contracting officer's decision is "final and conclusive and not subject to review by any forum." 41 U.S.C. § 605(b); *Gregory Lumber Co. v. United States*, 229 Ct.Cl. 762 (1982).

Although it is undisputed that Mrs. McAllister signed for Col. Taylor's final decision on February 13, 1984, plaintiff contends that because she collected the letter subsequent to the close of business on February 13, the letter could not be deemed received on that date for purposes of section 609(a)(3). According to plaintiff, the 12-month limitations period began to run on February 14, 1984, the date on which Mrs. McAllister brought the letter to plaintiff's office and stamped it "received". Thus, plaintiff submits that its claim filed on February 14, 1985, is timely.

■ In *United Construction Co. v. United States*, 7 Cl.Ct. 47 (1984) (order denying motion for summary judgment), this court stated that it "is guided by the principle that the scope of the sovereign's waiver of sovereign immunity under the CDA must be strictly construed." *Id.* at 50 (citing cases). This principle would be defeated if the court acceded to plaintiff's position that for purposes of section 609(a)(3) a contracting officer's final decision is deemed received when the letter in which it is contained is opened and stamped "received". In effect, plaintiff requests that an exception be engrafted on the CDA to recognize its policy of collecting mail after the close of daily business. Were plaintiff's argument accepted, no objective method would exist for determining the date on which a contracting officer's final decision is received. For example, another contractor might argue that although a

letter was signed for on the premises after business hours on a Friday, it was received when stamped "received" on the following Monday. The date delimiting the sovereign's waiver of immunity would fluctuate with the vagaries of individual business practices. A contractor cannot be permitted to delay filing its claim until the expiration of the 12-month period and then argue for adoption of an overly broad statutory construction to validate its choice of a filing date.

In *Hawkins v. United States*, 1 Cl.Ct. 221, 223 (1983), the court held that, in addition to other evidence, the delivery date on PS Form 3849–A established the latest date for purposes of section 609(a)(3) on which plaintiff subcontractor would be deemed to have received the contracting officer's final decision. Plaintiff here does not cite any cases to support its argument, and *Hawkins* under the circumstances stands unrefuted as persuasive and good law.

■ Alternatively, plaintiff contends that consideration of its claim is not foreclosed because this court's six-year statute of limitations, 28 U.S.C. § 2501,[1] rather than the CDA's 12-month statute governs.

41 U.S.C. §§ 605(c)(1), (2) provides in pertinent part:

(1) A contracting officer shall issue a decision on any submitted claim of $50,000 or less within sixty days from his receipt of a written request from the contractor that a decision be rendered within that period. . . .

(2) A contracting officer shall, within sixty days of receipt of a submitted certified claim over $50,000—

(A) issue a decision; or

(B) notify the contractor of the time within which a decision will be issued.

Subsection (c)(5) further states:

Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer

---

1. Plaintiff mistakenly argues for the application of the general six-year statute of limitations governing claims against the Government filed in federal district courts, 28 U.S.C. § 2401. Accordingly, this analysis proceeds as if plaintiff requested application of 28 U.S.C. § 2501.

denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter....

Plaintiff argues that, notwithstanding the February 10, 1984 issuance of a final decision, its certified claim was deemed denied as a matter of law on or about April 18, 1983, because Col. Taylor failed to issue a final decision or notice of forthcoming decision on day 60 following plaintiff's submission on February 15, 1983, of its certified claim.[2] From the foregoing plaintiff concludes that the final decision issued on February 10, 1984, was a "nullity," and the 12-month limitations period in section 609(a)(3) was inapplicable because "there was no receipt of a contracting officer's final decision...." Plf's Br. filed Nov. 15, 1985, at 3.

An initial impediment to plaintiff's argument is posed by the language of the CDA. Section 605(c)(5) states that once a contract claim is deemed denied as a matter of law, the "commencement of the appeal or suit on the claim *as otherwise provided in this chapter*" is authorized. (Emphasis added.) Chapter 9 of Title 41, entitled "Contract Disputes," consists of sections 601–613 inclusive. Therefore, the quoted language expressly admits of only one limitations period, and section 609(a)(3) is the provision setting a time limitation for filing suit under the CDA.

The CDA was adopted to provide a balanced system of administrative remedies regarding government contract claims. The need for the CDA became apparent after the Commission on Government Procurement issued the results of its study of the procurement process and its recommendations to improve efficiency. S.Rep. No. 1118, 95th Cong., 2d Sess. 4, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5235, 5238 [hereinafter cited as "S.Rep. No. 1118"]. This study spawned the CDA—an act passed to eliminate the complex "disputes clause" remedies for government contracts and to streamline the adjudica-

tion process in order to make dispute resolutions less expensive and time consuming. The CDA's 12-month limitations period for filing in this court was enacted to implement these goals. *Id.* 10, 1978 U.S.Code Cong. & Ad.News at 5244.

Judge Yannello discussed the applicability of the six-year statute of limitations in *Z.A.N. Co. v. United States*, 6 Cl.Ct. 298 (1984), concluding that the "more particular statute of limitations [the 12-month period], rather than the provision addressing the court generally, governs any suits brought under the Act." *Id.* at 303 (citing *Air Express International Corp. v. United States*, 194 Ct.Cl. 517, 521, 439 F.2d 157, 159–60 (1971)). *Z.A.N. Co.* compared the general statute of limitations provisions for the Claims Court with that established for federal district courts, 28 U.S.C. §§ 2501 and 2401, respectively. These provisions have a parallel construction that differs, significantly, in one respect: Section 2401 was amended in the process of enacting the CDA to provide that the six-year limitations period applies to all cases except those brought under the CDA. *See Z.A.N. Co.*, 6 Cl.Ct. at 303 n. 10. "This amendment eliminates the 6-year time requirement allowed for civil actions against the United States for appeals by contractors within the provisions of this act. Contractors will have 12 months to initiate appeals to the *courts* from adverse decisions." S.Rep. No. 1118 at 33, 1978 U.S. Code Cong. & Ad. News at 5267 (emphasis added). Congress, however, omitted from the final text of the CDA a similar amendment. *Id.* 10, 1978 U.S. Code Cong. & Ad. News at 5244. Although Congress ultimately took away jurisdiction of the district courts to hear CDA actions, the legislative history of the amendment to section 2401 indicates a congressional intent that any court action must be filed within 12 months after the administrative decision is received.

This diversion from the conventional accrual of a claim finds support in a long history of limitations periods grounded on

---

**2.** It is unnecessary to rule on defendant's argument that if the contracting officer fails to issue a decision on day 60, the claim is deemed denied and the limitations period is triggered.

mandatory administrative determinations. *See, e.g., Nager Electric Co. v. United States,* 177 Ct.Cl. 234, 368 F.2d 847 (1966); *Cosmopolitan Manufacturing Co. v. United States,* 156 Ct.Cl. 142, 297 F.2d 546 (per curiam), *cert. denied sub nom. Arlene Coats v. United States,* 371 U.S. 818, 83 S.Ct. 36, 9 L.Ed.2d 60 (1962).

In these circumstances plaintiff's claim is time barred because it was not filed timely under the governing 12-month statute of limitations.

## CONCLUSION

Based on the foregoing,

IT IS ORDERED, as follows:

1. Defendant's motion for partial summary judgment is granted, and Count I of plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.

2. A status conference will be held at 1:00 p.m. on Friday, December 13, 1985, by telephone conference call to be placed by the court, unless a stipulation of dismissal as to Count II is filed by December 11, 1985.