Jack LaCOSTE, d/b/a Building
Cost Co., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 233–85C.

United States Claims Court.

Jan. 8, 1986.

Jack LaCoste, pro se.

Thomas J. Rappaport, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

OPINION

NETTESHEIM, Judge.

This case comes before the court on defendant's motion for summary judgment. Plaintiff has opposed.[1]

FACTS

The parties do not dispute the following facts. Plaintiff Jack LaCoste ("plaintiff") seeks pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1982) (the "CDA"), additional compensation in the amount of $30,000 for extra costs incurred under a contract with the United States Army Corps of Engineers (the "Corps"). The contract entered into on June 25, 1974, for the amount of $68,400, obligated plaintiff to build a sewer-holding tank system at the Thomas J. O'Brien Lock and Dam in Chicago, Illinois. The work was substantially completed as of September 17, 1975, and a letter of final acceptance was issued on April 12, 1976.

On April 7, 1976, plaintiff sent a payment estimate letter to the contracting officer reserving a balance of $50.00 until the pos-

1. In addition to plaintiff's opposition and supporting materials, the arguments in pages 2–7 of Plaintiff's Motion To Dismiss Defendant's Answer filed on September 5, 1985, *see* Order entered on Sept. 6, 1985, have been considered.

sibility of any extra claims had been examined. During the same week, the contracting officer issued a response inviting plaintiff to address and document all disputed items under the contract. No claims were raised.

The contracting officer made second and third inquiries requesting information on any possible claims in letters dated May 17, 1976, and June 18, 1976. The latter specifically advised plaintiff that if a claim were not submitted before July 15, 1976, a final contract payment would be administered by forwarding a check for the retained balance of $50.00. These inquiries elicited no response from plaintiff. Final payment was rendered to plaintiff on September 2, 1976. The check was never cashed.

Over five years passed without any communication from plaintiff. The Corps then received a mailgram, dated October 13, 1981, advising that plaintiff was submitting a claim. Another letter received on October 16, 1981, contained various claims couched in broad terms without assigned monetary value or supporting documentation. On November 30, 1981, the contracting officer responded noting the numerous previous requests for information before the issuance of final payment. This letter also emphasized the need for information to support each claim and an explanation of the allocation of costs relative to each item.

Again plaintiff remained silent. Another invitation for additional information sent on July 2, 1982, also failed to stir plaintiff to clarify his claim. In August 1982 plaintiff telephoned the Corps on another matter, and agency counsel took the opportunity to remind plaintiff to supply the requested information on his claim. Plaintiff was also advised that the Corps' files were available to him. Another year passed without a response.

A sixth and final letter was sent on June 30, 1983, stating that, if no response was received within 30 days, the contracting officer would assume that plaintiff did not

intend to submit further information concerning his claim. Plaintiff did not respond. The contracting officer ultimately considered the claim based on plaintiff's letter of October 13, 1981, and his own investigation. A decision denying plaintiff's claim sent on January 31, 1984, by certified mail, was not acknowledged by plaintiff. The decision was reissued on April 23, 1984, and receipt was acknowledged by plaintiff on April 25, 1984.

After plaintiff commenced suit in this court on April 25, 1985, within 12 months of the date on which the decision was received, defendant moved for summary judgment contending that the claim is barred by the general six-year statute of limitations. Defendant also relies on the CDA provision that deems a claim denied as a matter of law if the contracting officer fails to act on it within 60 days as a predicate for its argument that such a denial starts the running of the DCA's 12-month limitations period and that plaintiff is barred from suit because he did not file within 12 months of the date the claim was deemed denied. Finally, defendant raises the defense of laches.

## DISCUSSION

■ Although defendant urges that the Claims Court's general six-year statute of limitations, 28 U.S.C. § 2501 (1982), applies to a suit filed pursuant to the CDA, this court recently held that the CDA's 12-month limitations period governs all suits that are based on the CDA. *Kasler/Continental Heller/Fruin Colnon v. United States*, 9 Cl.Ct. 187, 189–91 (1985); *see also Union Manufacturing Co. v. USITC*, 781 F.2d 186, 189 (Fed.Cir.1985) (Congress can pass statutes of limitations shorter than prior statutes, if reasonable).[2] Plaintiff commenced this action within 12 months after receipt of the contracting officer's decision, although he had delayed for years in submitting his claim to the contracting officer. However, a contrac-

---

**2.** The court respectfully disagrees with the ruling on point in *Turner Construction Co. v. Unit-* *ed States*, 9 Cl.Ct. 214, 216 (1985).

tor's failure to act administratively within a reasonable time on his claim does not render the six-year statute applicable simply because the CDA's one limitations period speaks only to the deadline for initiating the court process. To the contrary, the CDA explicitly states that all actions under the CDA shall be governed by the CDA's provisions. *See Kasler/Continental Heller/Fruin Colnon,* 9 Cl.Ct. at 189–91.

Allowing the contractor to proceed in court under the circumstances present could have been avoided had the CDA limited the time within which the contractor is required to present his claim to a contracting officer. It did not. Even if defendant's argument is consistent with the CDA's legislative goal of arriving at prompt resolution of contract claims, *see Kasler/Continental Heller/Fruin Colnon,* 9 Cl.Ct. at 190, the court's function is not to fashion a judicial bandage for an unfortunate gap in legislation. *See In re Thorpe,* 777 F.2d 695, 698 (Fed.Cir.1985) (court's decision should not anticipate change in the law even if legislature may be considering amendment).

■ Defendant's second argument is that plaintiff's claim is barred because he failed to sue within 12 months after his claim was deemed denied. The CDA obligates a contracting officer to render a decision within 60 days of a written request from a contractor. 41 U.S.C. § 605(c)(1). Section 605(c)(2) provides that within 60 days of receipt of a submitted certified claim over $50,000 the contracting officer must either "issue a decision" or "notify the contractor of the time within which a decision will be issued." Subsection (c)(5) further provides:

Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this Chapter....

The CDA's legislative history illuminates that these provisions were intended "to in-

sure that a contracting officer will act promptly on all claims and if he should arbitrarily delay, the contractor has recourse to obtaining a decision....". S.Rep. No. 1118, 95th Cong., 2d Sess. 21, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5235, 5255, rather than to force the contractor to file suit within 12 months of the sixtieth day after receipt of the claim by the contracting officer. *Accord Vemo Co. v. United States,* 9 Cl.Ct. 217, 220 (1985) (discussing other legislative history to the same effect); *G & H Machinery Co. v. United States,* 7 Cl.Ct. 199 (1985); *see also Turner Construction Co. v. United States,* 9 Cl.Ct 214, 215 (1985). This court finds persuasive Judge Yock's and Senior Judge White's comprehensive and well-reasoned rejection of defendant's same argument in *Vemo Co.* and *G & H Machinery,* respectively.

■ If no statute of limitations bars plaintiff's claim, defendant takes the position that the equitable doctrine of laches should be interposed. Although the laches doctrine typically has not been applied in the context of a contracts case, both the United States Court of Claims and Claims Court have recognized that unreasonable delay by a contractor in pursuing a claim in the administrative process may serve as the basis for dismissal of a lawsuit. *See United Construction Co. v. United States,* 7 Cl.Ct. 47, 53 (1984) (order denying motion for summary judgment); *Zinger Construction Co. v. United States,* 231 Ct.Cl. 926 (1982); *Nager Electric Co. v. United States,* 177 Ct.Cl. 234, 259, 368 F.2d 847, 864 (1966). The Court of Claims said in *Nager:* "[W]here no specific period [to present a claim administratively] is established in the contract the contractor cannot delay unreasonably.... Contractors have not been able to extend the limitations period unduly by unilaterally postponing the commencement of the administrative process." 177 Ct.Cl. at 259–60, 368 F.2d at 864 (citation and footnote omitted).

In *Zinger* the court dismissed the contractor's complaint holding that plaintiff unreasonably delayed ten years from the

issuance of the contracting officer's final decision before appealing to the agency board. In the case at bar, the Corps issued a letter on April 12, 1976, signifying its final acceptance of the project that was the subject of the contract. Despite two requests for information concerning possible claims, plaintiff offered no response, and final payment was rendered on September 2, 1976. On October 13, 1981, over five years after the date of final payment, plaintiff submitted a notice of claim to the contracting officer. Just as in *Zinger*, plaintiff here has offered no explanation for the lengthy delay that preceded the filing of his claim.[3] Although he was authorized to file his claim with the contracting officer at least as early as September 2, 1976, plaintiff chose not to avail himself of the opportunity until October 13, 1981. Moreover, the October 13 submission was fatally unspecific with respect to the value of the claim and the basis for it.

The court remarked in *Zinger*, a case not brought under the CDA, that the period of delay far exceeded the court's six-year statute of limitations. The relevant limitations period in this case is 12 months, and plaintiff's delay of over five years far exceeded that period, if the limitations period may be considered to have some bearing on measuring reasonableness. In view of all the circumstances, plaintiff's delay was unreasonable.

As in *Zinger*, plaintiff's undue delay in this case has prejudiced the Government's defense. Contracting officer Lt. Col. Christos A. Dovas indicates that during the the five years preceding the submission of plaintiff's claim on October 13, 1981, "death, retirement or transfer" has diminished the number of government personnel familiar with the contract in issue. Affidavit of Lt. Col. Christos A. Dovas, Oct. 17, 1985, ¶ 11. Plaintiff's delay thus places serious limitations on the Government's ability either to inquire into or apprise itself of the facts surrounding this case. Given the prejudice imposed by plaintiff's unreasonable delay, his claim is barred.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment is granted, and the Clerk of the Court shall dismiss the complaint.

---

3. Plaintiff disagrees with defendant's averments of prejudice. For example, he asserts that the Corps should have memorialized retirees' testimony before they retired or retired and died. Even if these arguments were supported by affidavit, they do not raise a genuine issue of material fact that would preclude summary judgment. Plaintiff's affidavit is directed to the merits of his claim and adds nothing to the record that raises any issue bearing on excusable delay.