SHAVER PARTNERSHIP, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 171–86C.

United States Claims Court.

Feb. 12, 1987.

J. Robert Hendrix, Topeka, Kan., for plaintiff.

Richard W. Oehler, with whom was Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. Linda K. Davis, of counsel.

## ORDER

SMITH, Chief Judge.

This case comes before the court on the defendant's motion to dismiss or, in the alternative, motion for summary judgment. The defendant predicates its motions on the ground that the court lacks jurisdiction over the instant action due to the plaintiff's failure to timely file its complaint as provided by the Contract Disputes Act, 41 U.S.C. § 609(a). For the reasons set forth below, the court finds that the plaintiff's claim is time barred and accordingly, the defendant's motion for summary judgment is granted.

### Facts

On April 25, 1977, the plaintiff, Shaver Partnership ("Shaver") entered into a contract with the United States Army Corps of Engineers, Kansas City District, for the design of a 14–chair dental clinic facility at Fort Riley, Kansas. Shaver agreed to provide concept design services and review for approval or disapproval all shop drawings

submitted by the construction contractor.[1] The dental clinic roof was constructed in accordance with the drawings provided and approved by Shaver. Due to a persistent leak in the clinic roof which caused damage to the interior and exterior of the dental clinic, the contracting officer found the Government sustained damages in the amount of $89,252.00. That final decision,[2] although dated March 15, 1985, was actually mailed March 5, 1985. Post Office records reflect and the plaintiff admits that the final decision was received[3] on March 8, 1985. Unfortunately for the plaintiff, the complaint was not filed until March 14, 1986, a date not within the 12–month period provided for by the Contract Disputes Act.

### Discussion

 The relevant portion of the Contract Disputes Act provides that in order to bring an action in the United States Claims Court, the complaint,

> shall be filed within twelve months from the date of the *receipt* by the contractor of the decision of the contracting officer concerning the claim.

41 U.S.C. § 609(a)(3) (emphasis supplied). Clearly, the plaintiff's complaint is time barred due to its failure to file within the statutory period. Moreover, case law dictates that statutes waiving sovereign immunity must be strictly construed. *Fidelity Construction Co. v. United States*, 700 F.2d 1379, 1383–84 (Fed.Cir.1983); *Kasler/Continental Heller/Fruin Colnon v. United States*, 9 Cl.Ct. 187 (1985).

 The plaintiff, in an attempt to avoid this result, argues that the misdating of the final decision was an affirmative act upon which Shaver relied to its detriment and, thus, the doctrine of equitable estoppel tolls the statute of limitations until 12 months after March 15, 1985. This position, however, is without merit. As aforementioned, the language of the statute is unambiguous and must be strictly construed. *Assuming arguendo* that the plaintiff did in fact rely on the date of the letter, such reliance was unreasonable for several reasons. First, the language of the statute is clear that the key date that commences the running of the 12–month period is *receipt* of the final decision by the contractor. Even if the plaintiff argued, which it has not, that it lacked knowledge of the statutory requirement, mere ignorance of rights which should be known is not enough to toll the statute of limitations. *See McDonnal v. United States*, 9 Cl.Ct. 629, 633 (1986).

Second, the plaintiff signed for the final decision on March 8, 1985. Thus, the plaintiff had actual knowledge of the date of receipt. It should be noted that this system, i.e., transmitting final decisions by certified mail, return receipt requested, protects all parties by removing possible ambiguities that might arise. By requiring that the addressee sign for the document and recording that date, there is no question as to the date of receipt. And, by establishing a date certain, all parties are on notice as to the running of the limitations period.

Third, the last page of the final decision plainly states that, "... you may bring an action in the U.S. Claims Court within 12 months of the date you receive this decision." Compl., Ex. B, p. 20 (emphasis supplied). Thus, the misdating of the letter is irrelevant. The clear wording of the statute, the express language of the final decision and the plaintiff's receipt of the document on March 8, 1985, compel the court to reject the plaintiff's contention that it

---

1. On January 22, 1986, the project's construction contractor, Western Construction, timely filed its Complaint No. 49–86C in this matter with the court.

2. Among other things, the final decision of the contracting officer found that the plaintiff and Western Construction were jointly and severally liable to the Government.

3. The date of receipt is established by PS Form 3849–A which is the official postal record of the date of delivery for certified mail. The date is recorded by the postal clerk who makes the delivery. In the instant case, the defendant presented an affidavit of B.K. Westerman, the Postmaster of the United States Postal System, Salina, Kansas, which reflects that the certified mail, i.e., the final decision, was received by Shaver on March 8, 1985.

was induced by the contracting officer to rely on the date of his letter.

The question of the interpretation of this statutory provision has been dealt with by this court and its predecessor, the Court of Claims. As the Court stated in *Gregory Lumber Company v. United States*, 229 Ct.Cl. 762, 763 (1982):

> Congress has set the twelve-months limit, and this court cannot and should not read into it exceptions and tolling provisions Congress did not contemplate or authorize (citation omitted).

This principle was again reaffirmed by the Claims Court in *Kasler/Continental Heller/Fruin Colnon v. United States*, 9 Cl.Ct. 187 (1985). Indeed, the facts of *Kasler* are even more compelling than those of this instant complaint. The plaintiff in *Kasler* filed only one day late. In that case, the plaintiff's secretary signed for the certified mail on February 13, 1984, at the close of the plaintiff's business day, as was the procedure of that office. The following day, she delivered it to the plaintiff's office and stamped it "received." The plaintiff filed its complaint on February 14, 1985, and the defendant moved for partial summary judgment dismissing Count I of the complaint.

In granting the defendant's motion and dismissing Count I of the complaint for lack of subject matter jurisdiction, the court held that it:

> 'is guided by the principle that the scope of the sovereign's waiver of sovereign immunity under the CDA must be strictly construed' (citations omitted). This principle would be defeated if the court acceded to plaintiff's position that for purposes of section 609(a)(3) a contracting officer's final decision is deemed received when the letter in which it is contained is opened and stamped 'received'. In effect, plaintiff requests that an exception be engrafted on the CDA to recognize its policy of collecting mail after the close of daily business. Were plaintiff's argument accepted, no objective method would exist for determining the date on which a contracting officer's fi-

nal decision is received. For example, another contractor might argue that although a letter was signed for on the premises after business hours on a Friday, it was received when stamped 'received' on the following Monday. The date delimiting the sovereign's waiver of immunity would fluctuate with the vagaries of individual business practices. A contractor cannot be permitted to delay filing its claim until the expiration of the 12–month period and then argue for adoption of an overly broad statutory construction to validate its choice of a filing date.

*Id.* at 189.

The delivery date reflected by the postal records and conceded by Shaver establishes the latest date for purpose of the statute on which the plaintiff is determined to have received the contracting officer's final decision, *Kasler*, at 189. See also *Hawkins v. United States*, 1 Cl.Ct. 221, 223 (1983) (contractor's suit barred by statute of limitation, filing four days late).

The case law interpreting waivers of sovereign immunity requires this court to strictly construe the statute and the reasoning of prior case law. The court must therefore reject the plaintiff's contention that the running of the statute of limitations is stayed due to equitable estoppel. The plaintiff cannot avoid the consequences which result from sleeping on its rights. Thus, due to plaintiff's failure to timely file its complaint, the contracting officer's decision is final, conclusive, and not subject to review by any forum. 41 U.S.C. § 605(b).

It is the function of a court to both decide disputes and to provide clear rules by which future disputes may be minimized. The Contract Disputes Act in this case provides as clear and fair a rule as could be wished for. It would be nothing short of a dereliction of duty to engraft the judicial gloss the plaintiff seeks upon this clear and fair rule.

### Conclusion

The court concludes that the plaintiff failed to file its complaint timely as re-

quired by the Contract Disputes Act of 1978, that there are no genuine issues of material fact, and the decision of the contracting officer is final and not reviewable by any forum. Accordingly, the defendant's motion for summary judgment is granted. The Clerk is directed to dismiss the complaint.

Costs to the defendant.