**BOROUGH OF ALPINE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 596–89C.

United States Claims Court.

March 28, 1990.

James P. Logan, Englewood, N.J., for plaintiff.

Richard C. Jensen, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson, for defendant.

## OPINION

NETTESHEIM, Judge.

This case is before the court after argument on defendant's motion to dismiss for lack of subject matter jurisdiction. To be decided is the issue whether a final decision letter addressed to the officer of a corporate local government, the entity being the contracting party, begins the running of the 12–month statute of limitations for a government contract case brought under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1982 & Supp. III 1985) (the "CDA").

## FACTS

The following facts are undisputed. Plaintiff the Borough of Alpine (sometimes referred to as "plaintiff") and the United States Postal Service (the "USPS") on or about January 6, 1987, entered into an Agreement To Lease. Plaintiff agreed to construct a one-story building to be used jointly by plaintiff, the Alpine Police Department, and the USPS. The agreement provided that the USPS would retain exclusive use of 2,450 square feet of the new building at $70.00 per square foot, for a total of $170,500.00. After construction began, the USPS requested an additional 240 square feet for its exclusive use. The additional cost to the USPS was $16,800.00, yielding a total construction cost for the premises retained by the USPS of $187,-300.00. The USPS paid plaintiff $156,-500.00. Plaintiff claims that a balance of $28,800.00 is due.

Plaintiff filed a claim with the contracting officer on August 2, 1988. On September 28, 1988, the contracting officer denied plaintiff's claim by letter addressed, as follows:

Mayor Howard Hertzb[e]rg
Borough of Alpine
Municipal Building
Alpine, NJ 07620–9998.

Plaintiff acknowledges receipt of this letter in the Office of the Borough Clerk on November 4, 1988. Plf's Br. filed Jan. 23, 1990, at 2. Defendant, however, takes the position that delivery was effected by no later than September 30, 1988, and proffers a USPS express mail receipt dated September 30, 1988, reflecting delivery to Joyce Hubschman, the Clerk of the Borough of Alpine. On this basis defendant contends that plaintiff was required to commence its action within 12 months of September 30, 1988. Plaintiff filed its complaint in the Claims Court on October 31, 1989.

## DISCUSSION

Section 609(a)(3) of the CDA, 41 U.S.C. § 609(a)(3), provides that any action in the Claims Court shall "be filed within twelve months from the date of receipt by the contractor of the decision of the contracting officer concerning the claim...." If a suit is not timely filed, the contracting officer's decision is "final and conclusive and not subject to review by any forum." 41 U.S.C. § 605(b); *Gregory Lumber Co. v. United States*, 229 Ct.Cl. 762, 763 (1982) (interim order on CDA jurisdiction); *Kasler/Continental Heller/Fruin Colnon v. United States*, 9 Cl.Ct. 187, 189 (1985). The contract in this case did not specify to whom notices to the contractor were to be sent by the USPS. Moreover, the court takes judicial notice, Fed.R.Evid. 201(b)–(c), that contracting officers customarily address final decision letters to the contracting entities themselves, *i.e.*, the entity itself with no officer designated, unless the agency has been dealing with the contractor's attorney as its designated representative. *See Structural Finishing, Inc. v. United States*, 14 Cl.Ct. 447 (1988) (attorney received contracting officer's final decision after having submitted claim on behalf of contractor).

Defendant characterizes plaintiff's argument as contending "that contracting officers must refrain from identifying specific officials of corporate contractors in their final decisions...." Def's Br. filed Feb. 5, 1990, at 3. Indisputably, the Borough of Alpine was the contracting party. Plaintiff does not take the position that the contract-

ing officer was required to direct his final decision to the Office of the Borough Clerk; rather, since the Borough of Alpine was the contracting party, plaintiff submits that only the Borough itself was the proper addressee. Although the contract does reflect that the Borough was the entity entering into the contract with the USPS, both Major Hertzberg and Ms. Hubschman, identified as the Borough Clerk, were authorized to execute the lease on behalf of the corporation. In support of its argument that it was appropriate for the contracting officer to direct the final decision letter to the Borough's Mayor, defendant points to the agreement, which was signed by the Mayor, and the lease for the property and the amendment to the lease, both of which were signed in the name of the Offeror or Lessor, the Borough of Alpine, by Mr. Hertzberg, identified as the Mayor.

Plaintiff relies on Ms. Hubschman's declaration. She attested that her practice is to date stamp all mail upon its receipt in her office. Her records indicate that the decision letter was date stamped and, hence, received in her office on November 4, 1988. Defendant offers the declaration of Carol Alexander, the Postmaster of Alpine, who declares that during the affected period all mail addressed to the Borough of Alpine, including mail addressed to the Mayor or Clerk of the Borough, was delivered to a single post office box. Ms. Alexander further avers that she recognizes the signature on Form 3849–B (the USPS form for recording both receipt by the Post Office and delivery of express mail) for the final decision letter as that of Clerk Hubschman. The date of delivery on the form is September 30, 1988, and Ms. Alexander recognizes her initials on the form, so that she attests to personal knowledge that delivery was made to the Borough Clerk on that date. Since this declaration was presented with defendant's reply, plaintiff was given an opportunity after argument to respond to it.

Accompanying plaintiff's sur-reply was a supplemental declaration by Ms. Hubschman and a declaration from Mayor Hertzberg. The former attests that Ms. Hubsch-

man is authorized to open only mail addressed to her as Borough Clerk or to the Borough of Alpine itself. For his part, Mayor Hertzberg confirms Ms. Hubschman's restricted authority to open mail addressed to him personally. He also avers:

> I received a letter addressed to me dated September 28, 1988 from the United States Postal Service from the Borough Clerk. To the best of my recollection and as it appears from the Borough records, I gave the letter to the Borough Clerk on November 4, 1988.

Declaration of Howard Hertzberg, Feb. 21, 1990, ¶ 2.

The decision in the case at bar is of note in the jurisprudence of the Contract Disputes Act, because it represents a request by the Government for flexibility in interpreting the Act's jurisdictional prerequisites. Here, defendant asks that the requirement that the contracting officer's final decision be received by the "contractor" should not be interpreted mechanically either to require that the decision letter be addressed to the corporate contractor in its name only or to negate a finding that the decision letter was received by the contractor if the addressee was a corporate officer (in this case an officer who signed the contract on behalf of the corporate contractor).

In *Kasler/Continental* the contractor's secretary, as was her practice, went to the local post office, accepted delivery of the certified decision letter—mailed to the corporate contractor in the entity's name alone—on the close of one business day, and stamped it "received" on the following day. This court reasoned: The contractor sued on the basis of the later date and was ruled out of time. This court reasoned:

> Were plaintiff's argument accepted, no objective method would exist for determining the date on which a contracting officer's final decision is received. For example, another contractor might argue that although a letter was signed for on the premises after business hours on a Friday, it was received when stamped "received" on the following Monday. The date delimiting the sovereign's waiver of immunity would fluctuate with the vagaries of individual business practices. A contractor cannot be permitted to delay filing its claim until the expiration of the 12-month period and then argue for adoption of an overly broad statutory construction to validate its choice of a filing date.

9 Cl.Ct. at 189.

Defendant's final brief identifies the infirmities in plaintiff's position—principally that adopting plaintiff's argument would frustrate the goal of ensuring an objective determination of the time within which the CDA calls for filing a court action. The Clerk's and Mayor's supplemental statements do not explain what would have transpired had the letter been addressed solely to the Borough of Alpine or what Mayor Hertzberg did with the letter during the interval between delivery from the Clerk after September 30, 1988, and his returning it to her on November 4, 1988. At argument the court advised that plaintiff must address these topics. Apparently, the Mayor held the letter for some time and gave it to the Clerk sometime later. Although the facts and circumstances could show that effective receipt by the corporate local government did not take place on September 30, 1988, plaintiff has not explained how Mayor Hertzberg's handling of the letter over the 5-week period delayed effective receipt. In the circumstances of this case, defendant's position that the final decision letter was received by the Borough more than 12 months before suit was filed is consonant with the language and intendment of the Act.

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss is granted.

The Clerk of the court shall dismiss the complaint for want of subject matter jurisdiction.*

IT IS SO ORDERED.

No costs.

---

* An unpublished opinion of the Federal Circuit indicates that the correct denomination of such a dismissal is "without prejudice." It should be understood that a dismissal for want of jurisdiction operates as a dismissal without prejudice.