**LOGICVISION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 01–723C.

United States Court of Federal Claims.

Nov. 1, 2002[1].

---

1. This order originally was filed on September 27, 2002. The order is being re-issued for publication in response to defendant's October 28, 2002 request.

Patrick J. Sullivan, Boston, MA, for plaintiff.

William K. Olivier, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC; with whom were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Bryant G. Snee, Assistant Director, for defendant.

### Opinion and Order

SYPOLT, Judge.

Before the court is defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted. *See* Rule 12(b)(1) and (6) of the Rules of the United States Court of Federal Claims (RCFC). Because plaintiff filed the complaint before the contracting officer (CO) issued a final decision or the claim was deemed denied, the motion to dismiss is granted.

### Facts

On October 12, 2001, Logicvision, a party to a general construction contract with the United States Department of Commerce (DOC) in Boulder, Colorado, delivered to the DOC a $259,177.82 claim for adjustment due to delay and disruption.

For purposes of the motion to dismiss, the parties agree (1) that the CO, by certified mail, sent plaintiff a letter, dated and issued on December 4, 2001, notifying plaintiff that a final decision would be issued by March 15, 2002, and (2) that the CO's letter was not received by plaintiff until December 13, 2001. The 60–day deadline for issuance of a decision by the CO under Section 5(c) of the Contract Disputes Act of 1978(CDA), codified at 41 U.S.C. § 601, *et seq.*, expired two days earlier, on December 11, 2001.

The complaint in this case was filed on December 28, 2001. Defendant argues that the court lacks subject matter jurisdiction to entertain plaintiff's complaint because it was filed before the CO issued a final decision and over two weeks after plaintiff received the CO's decision, issued within the 60–day period, that the final decision would be delayed. The court has considered additional briefing on the question of whether the CO's decision to delay making a final decision, which has the effect of delaying the contractor's ability to appeal, is effective upon issuance, or upon the contractor's receipt, of the decision to delay.

### Standard of Review

On a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), or for failure to state a claim upon which relief may be granted under RCFC 12(b)(6), the court must construe the well-pled allegations in the complaint favorably to the pleader. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94

S.Ct. 1683, 40 L.Ed.2d 90 (1974); *W.R. Cooper Gen. Contractor, Inc. v. United States,* 843 F.2d 1362, 1364 (Fed.Cir.1988). The material facts here, however, are not disputed.

This court's statutorily-based jurisdiction, including its jurisdiction under the CDA and the Tucker Act, 28 U.S.C. § 1491, must be narrowly construed. *See Hart v. United States,* 910 F.2d 815, 817 (Fed.Cir.1990). Statutes of limitation are jurisdictional in this court. *See Inter-Coastal Xpress, Inc. v. United States,* 296 F.3d 1357, 1365 (Fed.Cir. 2002) (the statute of limitation established by the CDA is jurisdictional in nature).

The burden of establishing jurisdiction is on plaintiff, *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991), who must establish jurisdiction by a preponderance of the evidence, *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988), although the court may evaluate its jurisdiction at any time, *United States v. Grumman Aerospace Corp.,* 927 F.2d 575, 580 (Fed.Cir. 1991), *cert. denied,* 502 U.S. 919, 112 S.Ct. 330, 116 L.Ed.2d 270 (1991); *Berdick v. United States,* 222 Ct.Cl. 94, 612 F.2d 533 (1979). Dismissal of a complaint for lack of subject matter jurisdiction is without prejudice to re-filing the complaint once the defect is cured. *Wheeler v. United States,* 11 F.3d 156, 160 (Fed.Cir.1993).

### DISCUSSION

One prerequisite to this court's jurisdiction under the CDA is that the claim be filed within twelve months from the date that the contractor receives the decision of the CO concerning the claim. 41 U.S.C. § 609(a)(3). The CO's failure to issue a final decision

within a 60-day period after receiving the claim or, within that period, to "notify" the contractor of when a delayed final decision *will* be issued, is "deemed" to be a denial of the claim, permitting immediate commencement of suit under § 609(a)(3). 41 U.S.C. §§ 605(c)(2), 605(c)(5).

The question here is whether the CO's decision to extend the time for reaching a final decision, issued 7 days before, but not received by the contractor until 2 days after, the expiration of the 60-day period allowed by 41 U.S.C. § 605(c)(2), extends the 60-day period, thus precluding plaintiff's reliance on a "deemed denial" under 41 U.S.C. § 605(c)(5) as the basis for jurisdiction in this court. This depends upon whether the operative act establishing the "notify" date in 41 U.S.C. § 605(c)(2) is the CO's *issuance* of the notice that the final decision will be delayed, or, instead, plaintiff's *receipt* of that notice.[2]

The relevant statutory sections (in pertinent part) are:

41 U.S.C. § 605(c)(2) (emphasis added), which provides that:

> A[CO] shall, within sixty days of receipt of a submitted certified claim over $ 100,000—
>
> (A) issue a decision; or
>
> (B) *notify* the contractor of the time within which a decision will be issued;

41 U.S.C. § 605(c)(5), which provides that:

> Any failure by the [CO] to issue a decision on a contract claim within the period required will be deemed to be a decision by the [CO] denying the claim and will authorize the commencement of the appeal

---

**2.** The legislative history of the CDA provides limited guidance on the meaning of "notify" in § 605(c)(2). The original version of the CDA in both the House and the Senate bills included an absolute requirement that the CO issue the decision within 60 days, unless the period were extended by mutual agreement. *See* H.R. 11002, 95th Cong. § 5(c) (2d Sess.1978); S. 3178, 95th Cong. § 5(c) (2d Sess.1978). After hearing testimony that such a requirement would be too limiting, especially for large, complex claims, Senator Byrd proposed an amendment incorporating the language now found in 41 U.S.C. § 605(c)(2) allowing the CO to "notify" the contractor of the time extension to "safeguard the [CO] from an arbitrary and unreasonable request

from a contractor on a large complex claim and ... also afford the contractor relief from possible delaying tactics of a contracting officer." 124 Cong. Rec. 36265–67 (daily ed. Oct. 12, 1978) (statement of Sen. Byrd). The amendment appears to be based on the proposal by Admiral Rickover of the Naval Sea Systems Command, which used the word "tell" instead of "notify," and not "receipt." *Contract Disputes Act of 1978: J. Hearings Before the Subcomm. on Fed. Spending Practices and Open Gov't of the Comm. on Gov't Affairs and the Subcomm. on Citizens and Shareholders Rights and Remedies of the Comm. on the Judiciary, United States Senate,* 95th Cong. 13 (1978).

or suit on the claim as otherwise provided in this Act;

and 41 U.S.C. § 609(a), which provides that:

(1) ... a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary;

....

(3) Any action [on the claim] under paragraph (1) ... shall be filed within twelve months from the date of the receipt by the contractor of the decision of the [CO] concerning the claim, and shall proceed de novo in accordance with the rules of the appropriate court.

Plaintiff contends that "notify" in 41 U.S.C. § 605(c)(2) means actual receipt of a notice by the contractor.

Defendant argues that "notify" does not mean "receipt." It points out that the CDA elsewhere contains the term "receipt," for example, in 41 U.S.C. §§ 605(c)(1) and 605(c)(2), which expressly fix the starting date for the 60-day period allowed for a final decision at the date of "receipt" of the claim by the CO; 41 U.S.C. § 611, which expressly fixes the time from which interest on a judgment is calculated at the time that the CO "receives" the claim; and 41 U.S.C. §§ 606 and 609(a)(3), which provide that the statutes of limitation for appealing a CO's decision (in the Boards of Contracts Appeals and the Court of Federal Claims, respectively) start running upon the contractor's "receipt" of the final decision concerning the claim. Defendant argues that these uses of the term clearly show that Congress knew the meaning of, and how to use, the term "receipt," and would have used the word "receipt" in § 605(c)(2)(B) had this been its intent.

Congress demonstrably being capable of using the word "receipt," the court must presume that the failure to use the word "receipt" in 41 U.S.C. § 605(c)(2)(B) was intentional. *See Turtle Island Restoration Network v. Evans*, 284 F.3d 1282, 1296 (Fed. Cir.2002) ("When Congress omits from a statute a provision found in similar statutes, the omission is typically thought deliber-

ate."). Moreover, since all parts of a statute must be given meaning, *see Perez v. Merit Sys. Prot. Bd.*, 85 F.3d 591, 594 (Fed.Cir. 1996) (a court "must construe a statute so as to give effect, if possible, to every clause and word"), the court must give different effect to the different terms "receipt" and "issue."

On the other hand, plaintiff also argues that "notify" cannot mean "issue," since Congress has used the term "issue" elsewhere in the Act, in different contexts, including in the same subsection and in the parallel sub-paragraph to the one where the disputed term "notify" appears. Therefore, plaintiff claims, if the omission of the word "receipt" must be presumed deliberate, so must the omission of the word "issue."

Because the two presumptions effectively cancel each other out, the court must construe the term "notify" based on other considerations.

The dictionary meanings of "notify," *e.g.,* "to make known," "to point out," "to report the occurrence of," or "to give formal notice to," *see Merriam–Webster's Collegiate Dictionary* 793 (10th ed.2001), do not focus on the acts of the receiver but, rather, on those of the giver or notifier.

Looking to practical considerations, reading the word "notify" to mean "the CO's making known or reporting" or even to turn on "issuance" rather than the contractor's receipt would not be unfair or adverse to a contractor contemplating an action in this court, since it easily could call the CO to inquire as to the status of its CDA claim prior to filing suit. Had plaintiff done so in this case, it would have learned, as it in fact did *over two weeks before filing its complaint* in this court, that the CO had extended the 60-day period for issuing a final decision.

Dismissing the complaint on jurisdictional grounds also will not seriously prejudice plaintiff financially because interest under the CDA is paid "from the date the CO receives the claim ... from the contractor until payment thereof." *See* 41 U.S.C. § 611. In addition, even if the claim is dismissed and subsequently denied by the CO, plaintiff still would be able to file a complaint in this court, *see Wheeler v. United States,* 11 F.3d 156,

160 (Fed.Cir.1993) (dismissal for lack of subject matter jurisdiction is without prejudice), and be entitled to otherwise payable interest from the date the CO received the claim.

Plaintiff's suggested reading of the statute, on the other hand, seriously may prejudice defendant, and is inconsistent with the purposes of the CDA. The CO in this case issued the notification seven days before the deadline for a final decision, which, generally, should provide a reasonable and adequate period for ensuring actual notice/receipt. Under plaintiff's reading, however, a notification letter mailed even several weeks before the 60–day deadline for a final decision (the court taking judicial notice that postal delivery often, particularly in the District of Columbia, is subject to numerous delay-causing vicissitudes) could not be assured to arrive in time to extend the 60–day period. Requiring unduly early mailings to compensate for unknown mail delivery delays would force government agencies to decide large and complex monetary claims in significantly less time than the 60 days provided by statute, and thus, presumptively, in less time than intended by Congress.

Plaintiff's interpretation also would require the courts and Boards of Contract Appeals to act on claims that were not ripe and that might have been resolved more fairly, economically, and efficiently in the first instance, by those more familiar with the contract's administration, at the agency level.

Moreover, if the date hinged on actual receipt, contractors would unilaterally determine the date and thus might have an incentive for manipulation. Plaintiff itself cites a number of cases holding that a party's mail room or internal filing policies should not control the date when a letter is deemed to have been received. *E.g., Kasler/Continental Heller/Fruin Colnon v. United States,* 9 Cl.Ct. 187, 189 (1985); *Alpine v. United States,* 19 Cl.Ct. 802 (1990).

The court's interpretation of the term "notify" as issuance in this case rather than receipt is consistent with that of the Boards of Contract Appeals, which have found 41

U.S.C. § 605(c)(2)(B) notification letters to be timely even when *issued* very late in the 60–day period, and not *received* at all within that period. *See John C. Grimberg Co.,* (1991 ASBCA) 91–3 BCA ¶ 24,074, 1991 WL 128196 (holding that a notification letter issued and dated one day before the deadline was timely without reference to when it was received); *Defense Systems Company, Inc.,* (1997 ASBCA) 97–1 BCA ¶ 28,981 (holding that a notification letter dated 10 days before the expiration of the 60–day period was timely—and ignoring the date of receipt); *Northrop Grumman Corp.,* (1999 ASBCA) 99–1 BCA ¶ 30,676 (a notification letter issued before the expiration of the 60–day period but not received until after the period expired was found defective for lack of specificity, but otherwise was proper). While this court is not bound by the Boards of Contract Appeals' decisions, it recognizes their expertise in cases involving government contracts. *See Erickson Air Crane Co. v. United States,* 731 F.2d 810, 814 (Fed.Cir.1984).

Plaintiff's request that the court exercise the authority provided in 41 U.S.C. § 605(c)(5) to stay the proceedings until the CO issues a final decision[3] also must be denied, again because the court has no jurisdiction absent a "deemed denial" or a final decision under 41 U.S.C. § 605(c)(5). A federal court without jurisdiction is powerless to take any action but announce its lack of jurisdiction and dismiss the case. *National Presto Industries, Inc. v. Dazey Corp.,* 107 F.3d 1576, 1580 (Fed.Cir.1997) (citations omitted).

## *CONCLUSION*

Defendant's motion to dismiss for lack of jurisdiction is granted, without prejudice, because, the CO having issued a decision notifying plaintiff of an extension of the time for issuing a final decision on plaintiff's claim within the 60–day period provided by law, there was no "deemed denial" under 41 U.S.C. § 605(c)(5) to trigger plaintiff's statu-

**3.** 41 U.S.C. § 605(c)(5) provides (in pertinent part) that "in the event an appeal or suit is so commenced in the absence of a prior decision by the [CO], the tribunal concerned may, at its option, stay the proceedings to obtain a decision on the claim by the [CO]."

tory right to immediately appeal its claim under 41 U.S.C. § 609(a)(3). No costs.