91 F.3d 167
 40 Cont.Cas.Fed. (CCH) P 76,926
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rudolf BIERAEUGEL, Stahl-Und Metallbau, Gesellschaft Mit
Beschraenkter Haftung, Appellant,
v.
Togo D. WEST, Jr., Secretary of the Army, Appellee.
 No. 95-1397.
 United States Court of Appeals, Federal Circuit.
 April 29, 1996.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 SKELTON, Senior Circuit Judge.
 
 
 1
 This is an appeal by Rudolf Bieraeugel, etc., (plaintiff) from a decision of the Armed Services Board of Contract Appeals (the board) in ASB CA No. 47,145, 95-l B.C.A. p 27,536 (1995), in which the board held that the plaintiff was not entitled to recover DM (deutsche mark) 23,340 from the United States Army for the installation of five metal doors on an Army base in Germany. The board denied recovery to the plaintiff under the equitable doctrine of laches because it had failed to timely prosecute its claim and thereby prejudiced the Army's ability to defend against the claim. We affirm the decision of the board.
 
 DISCUSSION
 
 2
 In 1983 the United States Army Regional Contracting Office in Frankfurt, Germany, awarded a contract to the plaintiff by the terms of which it was required to install five metal doors on an Army base in Germany. The plaintiff was to be paid DM (deutsche mark) 23,340 for this work. The plaintiff installed the doors pursuant to the terms of the contract, and the Army accepted them as satisfactory. On November 28, 1983, the plaintiff forwarded its final invoice for the contract to the Army requesting payment of the contact price.
 
 
 3
 During the period of nearly two and a half years from November 28, 1983, to May 7, 1986, there was no discussion between the parties regarding the payment of plaintiff's final invoice. On May 7, 1986, the plaintiff sent another final invoice to the Army. On May 12, 1986, the contracting officer's representative Mr. Vaughn wrote a letter to the plaintiff in which he stated that he was returning the May 7, 1986, invoice with no action and attached a copy of the final invoice of 1983 which he stated "was processed by this office on November 28, 1983." He indicated that a copy would be forwarded to Ms. Reed, the Regional Contracting Officer. When the plaintiff received this response he sent another final invoice directly to the contracting officer.[1] The Army heard nothing from the plaintiff until July 24, 1992. On that date the Director of Defense Finance and Accounting Service (DFAS) in Indianapolis, Indiana, received a letter from a Mr. Haubold, an agent of the plaintiff, requesting a copy of the payment voucher for plaintiff's final invoice, and also requesting information regarding all payments on the contract. Mr. James Clark, the official custodian of all original vouchers retained at DFAS (including those from Germany), answered that he could not supply the requested information without the voucher number, and that upon receipt of the voucher number a search would be made. Mr. Haubold never furnished the voucher number. However, he continued to write letters to Army officials requesting payment information on the contract and also files on the contract.
 
 
 4
 The Regional Contracting Officer of the Army in Hanau, Germany, advised Mr. Haubold on November 6, 1992, that searches had been made in the records of the Army at Frankfurt, and at the offices in Fulda and at Hanau, but nothing had been found regarding the contract. He also informed Mr. Haubold that files on this contract had long since been disposed of pursuant to Army regulations that required records of the type sought by Mr. Haubold to be destroyed after a period of six years and three months. Nevertheless, Mr. Haubold continued to write letters and make personal visits to Army officials in Germany seeking the contract documents, but they were never found.
 
 
 5
 On February 4, 1993, Mr. R.E. Rebsch, Chief of the Regional Contracting Office (RCO) in Hanau wrote Mr. Haubold stating:
 
 
 6
 For the lack of documentation to the contrary, we must take the position that any payment due on the above order [the contract] was long since made in full.
 
 
 7
 The plaintiff again presented his claim for payment of its final invoice, dated November 23, 1983, to the RCO in Hanau. The chief of the RCO made a further search for the contract documents but nothing was found. Finally, in a final decision, dated November 11, 1993, the contracting officer denied plaintiff's claim because it could not be substantiated. The plaintiff appealed to the board which held a hearing on June 4, 1994, and in a decision dated February 21, 1995, affirmed the contracting officer's final decision denying plaintiff's claim based on the equitable doctrine of laches and the prejudice suffered by the Army due to plaintiff's failure to timely present its claim. The case is now before us on plaintiff's appeal.
 
 
 8
 Laches is an equitable doctrine designed to deny relief to a claimant who has unreasonably and inexcusably delayed asserting his claim. S.E.R., Jobs for Progress, Inc. v. United States, 759 F.2d 1 (Fed.Cir.1985). It promotes diligence in timely presenting claims and prevents the payment of claims that are stale. Furthermore, it aids the courts in promptly arriving at accurate conclusions as to the rights of the parties in a controversy involving a disputed claim. Brundage v. United States, 504 F.2d 1382 (Ct.Cl.1974), cert. denied, 421 U.S. 998 (1975).
 
 
 9
 In the instant case a reliance by the Army on laches required it to prove (l) that the plaintiff engaged in unreasonable and inexcusable delay; and (2) that the Army suffered prejudice by the delay. Brundage, 504 F.2d at 1386; Cornetta v. United States, 851 F.2d 1372, 1377-78 (Fed.Cir.l988); see also Hoover v. Department of the Navy, 957 F.2d 861, 863 (Fed.Cir.1992).
 
 
 10
 With regard to the amount of time necessary to establish unreasonable delay, the courts have refrained from mandating a definite period. Litigation delays ranging from eleven months to five years have provided sufficient grounds upon which the doctrine of laches has been invoked to bar plaintiffs' claims. See Alpert v. United States, 161 Ct. Cl. 810 (1963), and cases cited therein; La Coste v. United States, 9 Cl.Ct. 313 (1986).
 
 
 11
 In this case the board made various findings of fact which we are required to review under the standard set forth in 41 U.S.C. § 609(b) (1994) which provides that the court must consider the board's findings as final unless "fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." See Planning Research Corp. v. United States, 971 F.2d 736 (Fed.Cir.1992); American Elec. Lab. v. United States, 774 F.2d 1110 (Fed.Cir.1985).
 
 
 12
 We now consider the pertinent findings of the board under this standard of review. The board found that the plaintiff did not act with due diligence in asserting its claim. It submitted its final invoice for payment in 1983, but did not even raise the issue of nonpayment until 1986. During that year plaintiff submitted a second final invoice for payment which was returned by the contracting officer with the notation of "no action" and asserting that the invoice had been processed by the contracting office. The plaintiff did nothing until April 3, 1992, almost nine years after it filed its final invoice for payment, when it hired Mr. Haubold. Thereafter, it delayed another 16-1/2 months before presenting its claim. The plaintiff waited a decade to assert its rights. The Army met its burden of proving that plaintiff did not act with due diligence.
 
 
 13
 The board also found that the Army suffered prejudice because of the failure of plaintiff to act with due diligence. The board stated that on the record it could not determine whether the plaintiff was paid the amount of its final invoice since all records had been destroyed, the plaintiff (Mr. Bieraeugel) was dead, and Mr. Vaughn of the Army's contracting office could not be located, and these were the only witnesses who were personally involved in this matter. Finally, the board found "in these circumstances the Army is seriously prejudiced in its ability to defend against Bieraeugel's claim".
 
 
 14
 Based on these findings, the board denied the claim. We hold that the findings of fact of the board are neither fraudulent, arbitrary, capricious, or so grossly erroneous as to necessarily imply bad faith, and that they are supported by substantial evidence. We find no error in the decision of the board, and it is affirmed.
 
 
 
 [1]
 The plaintiff claims that the final invoice he sent to the contracting officer became a claim under the Contract Disputes Act, which tolled the statute of limitations. This is of no help to the plaintiff because the doctrine of laches is applicable irrespective of the statute of limitations. See Cornetta v. United States, 851 F.2d 1372, 1378 (Fed. Cir1988) (in banc)