**Arthur PEREZ, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 95–3735.

United States Court of Appeals, Federal Circuit.

June 3, 1996.

Arthur A. Perez, Redlands, California, submitted Pro Se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, D.C., submitted for respondent. With him on the brief were Mary L. Jennings, General Counsel and Martha B. Schneider, Assistant General Counsel.

Before MAYER, SCHALL, and BRYSON, Circuit Judges.

SCHALL, Circuit Judge.

Arthur Perez petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction his appeal of his removal from the United States Postal Service ("agency" or "Postal Service"). *Perez v. United States Postal Serv.*, Docket No. SF–0752–95–0380–I–1.[1] We affirm.

## BACKGROUND

After Perez was removed from his letter carrier position, he appealed to the Board, stating that he had worked for the Postal Service since 1987 and had served approximately 22 years in the Armed Forces Reserves. The AJ notified Perez that the Board lacked jurisdiction over his appeal if he was not an "employee" under 5 U.S.C. § 7511 (1994), and he ordered Perez to submit evidence or argument in support of jurisdiction. For its part, the Postal Service moved to dismiss the appeal for lack of jurisdiction on the ground that Perez was not a

---

1. The May 24, 1995 initial decision of the administrative judge ("AJ") became the final decision of Board on June 28, 1995, as Perez did not file a petition for review with the Board.

preference eligible employee entitled to appeal his removal to the Board.

Perez presented evidence that he served on active military duty during Operation Desert Shield/Desert Storm from February 2, 1991, to May 2, 1991. Specifically, his certificate of discharge from active duty, Department of Defense Form 214 ("DoD Form 214"), showed that he served during that period. The Postal Service responded that this service did not entitle Perez to preference eligible status because he did not serve *in* the Desert Shield/Desert Storm combat area in southwest Asia. In support of its argument, the agency submitted a copy of Executive Order 12754, issued March 12, 1991, which established the Southwest Asia Service Medal for those who served during the relevant period "in Southwest Asia or in the surrounding contiguous waters or air space." The agency also submitted the section of the Department of Defense Manual of Military Decorations and Awards that listed the geographic areas where an individual must have served to be awarded the medal.

In his decision, the AJ noted the testimony of Air Force personnel clerks to the effect that DoD Form 214 indicates whether an individual received a campaign badge for service in a campaign and that the campaign badge for Desert Shield/Desert Storm is the Southwest Asia Service Medal. According to the clerks, Perez's DoD Form 214 showed that he did not receive the Southwest Asia Service Medal and that his service was not in the area required for award of the medal. The AJ also noted that Perez stated that his active duty during the Desert Shield/Desert Storm period was in Germany. Based on the record evidence, the AJ determined that Perez was not entitled to preference eligible status under 5 U.S.C. § 2108 (1994)—which meant that he was not an employee for purposes of 5 U.S.C. § 7511—because he neither received the Southwest Asia Service Medal nor served in any of the specified countries in southwest Asia (e.g. Saudi Arabia, Kuwait, or Iraq) or in the contiguous waters or air space. The AJ therefore dismissed the appeal for lack of jurisdiction.

## DISCUSSION

■ The jurisdiction of the Board is limited to those matters expressly entrusted to it by "law, rule, or regulation." 5 U.S.C. § 7701(a) (1994). A petitioner bears the burden of establishing Board jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). As a non-supervisory employee of the Postal Service, Perez had to show that he was entitled to preference eligible status in order to appeal his removal to the Board. 5 U.S.C. § 7511(a)(1)(B)(ii). The definition of "preference eligible" for purposes of title 5 is found in 5 U.S.C. § 2108(3).

■ The question before the AJ on the jurisdictional issue was whether Perez came within the definition of preference eligible found in section 2108(3)(A), which for the purposes of this case incorporates the definition of veteran in section 2108(1)(A):

(1) "veteran" means an individual who—

(A) served on active duty in the armed forces during a war, in a campaign or expedition for which a campaign badge has been authorized, or during the period beginning April 28, 1952, and ending July 1, 1955; . . .

and who has been separated from the armed forces under honorable conditions[.]

Perez does not argue that the AJ's decision lacks the support of substantial evidence. Rather, he contends that the AJ misinterpreted 5 U.S.C. § 2108(1)(A). Perez asserts that he comes within the statute's definition of "veteran" because he served in the armed forces *during* a time when a campaign badge was authorized. That argument fails, however.

Section 2108(1)(A) addresses three types of active duty service that will grant an individual veteran status for purposes of title 5. Those three are service "during a war, in a campaign or expedition for which a campaign badge has been authorized, or during the period beginning April 28, 1952, and ending July 1, 1955." 5 U.S.C. § 2108(1)(A) (1994). We note that, in establishing these three types of active duty service, the statute utilizes two different prepositions, "during" and "in," to define how broadly the preference is to be granted.

■ Thus, we must determine the distinction, if any, drawn in section 2108(1)(A) by the use of the different prepositions "during" and "in." It is true that "in" can mean "during." *See Webster's Third New International Dictionary* 1139 (1986) (defining "in" as, *inter alia,* "during the course of" or "during"). However, to construe "in" to mean "during" here would render superfluous the distinctions created by the terms of the statute ("active duty in the armed forces *during* a war [or] *in* a campaign or expedition for which a campaign badge has been authorized") (emphasis added). As this court must construe a statute so as to give effect, if possible, to every clause and word, *In re Nantucket, Inc.,* 677 F.2d 95, 98, 213 USPQ 889, 892 (CCPA 1982); *Crawford v. United States,* 179 Ct.Cl. 128, 376 F.2d 266, 272 (1967), *cert. denied,* 389 U.S. 1041, 88 S.Ct. 781, 19 L.Ed.2d 831 (1968), we decline to hold that in section 2108(1)(A) Congress used "in" to mean "during."

■ In section 2108(1)(A), "during" modifies two periods of time—"during a war" and "during the period beginning April 28, 1952, and ending July 1, 1955." [2] As used in section 2108(1)(A), however, "in" modifies "a campaign or expedition for which a campaign badge has been authorized." The statute thus requires service "in" the campaign, rather than "during" the campaign or "at the time of" the campaign. The limitation imposed by "in" is not just one of time, but also one of involvement or participation.

Therefore, in order to be accorded veteran status under section 2108(1)(A), only one condition is required when the country is at war—service during, or at the time of, the war. When the country is not at war, but the armed forces have conducted a campaign or expedition for which a campaign badge has been authorized, the statute requires more. It is not enough to be on active duty in the armed forces during, or at the time of, the campaign; the individual must have served *in* the campaign or expedition for which a campaign badge has been authorized.

■ Perez does not claim he is entitled to veteran status because he served on active duty during a war or from April 28, 1952 to July 1, 1955. Instead, he asserts that he "did serve on active duty during the time the campaign medal was authorized and thus should be given the 'veterans preference' even though he was not awarded the medal." As just seen, however, it is not enough to have been on active duty during, or at the time of, a campaign or expedition for which a campaign badge has been authorized. Rather, the active duty must have been in the campaign or expedition. It is uncontested that Perez did not serve *in* a campaign or expedition. Perez, therefore, is not a veteran within the meaning of section 2108(1)(A). Because Perez does not qualify as a veteran under section 2108(1)(A), he is not a preference eligible under section 2108(3)(A).[3] Since he is not a preference eligible, he is not an employee for purposes of 5 U.S.C. § 7511. The Board thus lacked jurisdiction to hear his appeal.

2. Title 5 provides no definition of the term "war" as used in section 2108(1)(A). *See* 5 U.S.C. § 2101 (1994); *See Brooks v. Office Personnel Management,* 59 M.S.P.R. 207, 213–14 (1993). Article I, section 8, of the Constitution provides that "[t]he Congress shall have Power ... To declare War." Since 1917, Congress has declared war eight times, and each declaration was issued with respect to World War I or World War II. *See* 50 U.S.C. Appendix, note preceding section 1 (1988). Title 38 recognizes as a period of war "the period beginning on the date of any future declaration of war by the Congress and ending on the date prescribed by Presidential proclamation or concurrent resolution of the Congress." 38 U.S.C. § 101(11) (1994).

3. Perez contends that he is entitled to preference eligible status because he received the Republic of Vietnam Gallantry Cross. Receipt of a campaign badge from the Republic of Vietnam does not qualify one as a veteran under section 2108(1)(A). The statute requires service *in* a campaign or expedition. It does not bestow veteran status upon those awarded a badge by a foreign country.

Moreover, if Perez received the Republic of Vietnam medal, it would have been in connection with his service in the Air National Guard of California from 1968 to 1981. Service in the Air National Guard is not "service on active duty in the armed forces" within the meaning of section 2108(1). The term "armed forces" in title 5 does not include the Air National Guard. 5 U.S.C. § 2101(2); *Jacaruso v. Department of the Army,* 1 MSPB 360, 1 M.S.P.R. 373, 375 (1980).

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board dismissing Perez's appeal for lack of jurisdiction.

AFFIRMED.