**Jahmar R. SHADDI, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3106.

United States Court of Appeals, Federal Circuit.

DECIDED: June 14, 2004.

Before MAYER, Chief Judge, MICHEL, Circuit Judge, and PLAGER, Senior Circuit Judge.

PER CURIAM.

Jahmar R. Shaddi appeals the decision of the Merit Systems Protection Board, which dismissed Shaddi's appeal for lack of jurisdiction. *Shaddi v. United States Postal Serv.,* NY–0752–03–0193–I–1 (M.S.P.B. April 17, 2003). Because Shaddi is not preference eligible as defined by 5 U.S.C. § 2108, we *affirm.*

We review the board's decision to dismiss for lack of jurisdiction *de novo. See Bolton v. Merit Sys. Prot. Bd.,* 154 F.3d 1313, 1316 (Fed.Cir.1998). In order to invoke the jurisdiction of the board, Shaddi must show by a preponderance of the evidence that he is: (1) "in the position of a supervisor or a management employee" pursuant to 39 U.S.C. § 1005; or (2) preference eligible pursuant to 5 U.S.C. § 2108. *Perez v. Merit Sys. Prot. Bd.,* 85 F.3d 591, 593 (Fed.Cir.1996). Shaddi pro-

vided no evidence establishing jurisdiction to the administrative judge. On appeal, however, Shaddi submitted a DD–214 form, which showed that he served on active duty from July 1979 to July 1984, to the full board. The full board refused to review the initial decision, noting that Shaddi's DD–214 was not material evidence that was previously unavailable. *Shaddi v. United States Postal Serv.*, NY–0752–03–0193–I–1, 95 M.S.P.R. 433 (M.S.P.B. Nov. 6, 2003).

Even if the board had evaluated Shaddi's new evidence, it is clear from the DD–214 that Shaddi does not qualify for preference eligibility. Section 2108(1)(A)-(B) states that to be preference eligible the petitioner must have

(A) served on active duty in the armed forces during a war, in a campaign or expedition for which a campaign badge has been authorized, or during the period beginning April 28, 1952, and ending July 1, 1955; (B) served on active duty ... at any time in the armed forces for a period of more than 180 consecutive days any part of which occurred after January 31, 1955, and before October 15, 1976 ...; or (C) served on active duty as defined by section 101(21) of title 38 in the armed forces during the period beginning on August 2, 1990 and ending on January 2, 1992.

Shaddi's active service, which began in 1979 and ended in 1984, does not render Shaddi preference eligible because it did not occur between the specified dates or during a war. *See Perez*, 85 F.3d at 593 (discussing the meaning of "veteran" in 5 U.S.C. § 2108). Further, Shaddi submitted no evidence that he took part in "a campaign or expedition for which a campaign badge has been authorized." 5 U.S.C. § 2108(1)(A) (West Supp.2004); *see also Perez*, 85 F.3d at 593. The board was therefore correct to dismiss for lack of jurisdiction.