NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3126

CARLOS A. RAMOS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF HOMELAND SECURITY,

Intervenor.

Carlos A. Ramos, of Brownsville, Texas, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Stacey K. Grigsby, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3126

CARLOS A. RAMOS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent

and

DEPARTMENT OF HOMELAND SECURITY,

Intervenor.

Petition for review of the Merit Systems Protection Board decision DA-0752-08-0539-I-1.

_____

DECIDED: November 6, 2009
_____

Before LOURIE, FRIEDMAN, and PROST, <u>Circuit Judges</u>.

PER CURIAM

The pro se petitioner, Carlos A. Ramos, challenges the Department of Homeland Security ("Department")'s termination of him during what was a probationary employment with that agency. The Merit Systems Protection Board ("Board") dismissed his appeal from that action for lack of jurisdiction. We affirm.

I

Ramos served on active duty with the Navy from 1992 until his honorable discharge in 1996. In April 2007, pursuant to the Federal Career Internship Program, the Department appointed Ramos to the excepted service as a Customs and Border Protections Officer. Appointments under that program, generally, are for two years. See 5 C.F.R. § 213.3202(o)(1). The governing regulations state that "service as a career intern confers no rights to further Federal employment in either the competitive or excepted service upon the expiration of the internship period," but "[c]ompetitive civil service status may be granted to career interns who successfully complete their internships and meet all qualification, suitability, and performance requirements." Id. at § 213.3202(o)(6)–(o)(6)(i).

Following an altercation while on duty, the Department terminated Ramos in August 2008, after approximately sixteen months of work.

The letter notifying Ramos of his termination erroneously informed him that he had "the right to appeal this action to the Merit Systems Protection Board." Ramos did so. The Board, however, dismissed the appeal for lack of jurisdiction. In his initial decision, which became final when the Board refused to review it, the Board's administrative judge ruled that the Board lacked jurisdiction over the appeal because Ramos (1) was a probationary employee and (2) was not a preference eligible.

II

In his appeal documents, Ramos argues the merits of his case. Namely, he contends that the Department improperly terminated him and avoids the jurisdictional ruling on which the Board based its dismissal of his appeal. As he states in his

response to the Department's brief: the "actions of the Respondent (MSPB) are not in question, but the actions of the Intervenor (DHS) are. . . . [The] jurisdictional issue . . . is not in question by Mr. Ramos."

Before an adjudicative tribunal like the Board may consider the merits of the case, it first must establish that it has jurisdiction to do so. The Board has "only that jurisdiction conferred on it by Congress." Cruz v. Dep't of the Navy, 934 F.2d 1240, 1243 (Fed. Cir. 1991). It may entertain only those appeals authorized by law, rule or regulation. See 5 U.S.C. § 7701(a); Artmann v. Dep't of Interior, 926 F.2d 1120, 1122 (Fed. Cir. 1991). The Board's jurisdiction cannot be expanded by an agency's misstatements or erroneous notice of appeal rights. See Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 419–20, 432–33 (1990).

The Board has jurisdiction over appeals by "an employee." See 5 U.S.C. § 7701(a). With limited exceptions not involved here, only "employees" may appeal to the Board. See, e.g., United States v. Connolly, 716 F.2d 882, 886 (Fed. Cir. 1983). For purposes of this appeal, an "employee" is defined as "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions" or "an individual in the excepted service (other than a preference eligible) . . . who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service." See 5 U.S.C. § 7511(a)(1)(B)–(C)(i).

Ramos was an individual in the excepted service who had so served for approximately sixteen months. Therefore, for the Board to have had jurisdiction over his appeal, he must either not have been serving a probationary or trial period under an initial appointment pending conversion to the competitive service, or he must have been

a preference eligible. The Board correctly held that Ramos did not come within either category.

Although Ramos' Departmental appointment was not described as a probationary one, it was precisely that. Ramos was hired under the Federal Career Internship Program, which, as we have noted, provides for initial appointments for two years. Although individuals who successfully complete such internships "may be granted" "[c]ompetitive civil service status," such service "confers no rights to further Federal employment in either the competitive or excepted service upon the expiration of the internship period." Indeed, as the Board stated, "[i]n his initial appeal, the appellant noted that he was terminated during his probationary period." The Board thus correctly held that because Ramos was terminated during his probationary period, it had no jurisdiction over his appeal under 5 U.S.C. § 7511(a)(1)(C)(i).

The only other statutory basis for Board jurisdiction would have been that Ramos was a "preference eligible" veteran as defined in 5 U.S.C. § 2108(3)(A). That provision provides that the term (which incorporates the definition of "veteran" in section 2108(1)(A)), "means an individual who . . . served on active duty in the armed forces during a war, in a campaign or expedition for which a campaign badge has been authorized, or during the period beginning April 28, 1952, and ending July 1, 1955; . . . . and who has been separated from the armed forces under honorable conditions." Since Ramos did not serve in the Navy during a declared war or during the applicable time period, he could be classified as a preference eligible under this provision only if he had served in a campaign or expedition for which a campaign badge has been authorized.

Ramos seeks such status on the ground that during his military service he was awarded the Kuwait Liberation Medal. This medal was not an "authorized" "campaign badge" under that statutory provision, however, because it was issued not by the United States, but by either Saudi Arabia or Kuwait. The statute "does not bestow veteran status upon those awarded a badge by a foreign country." See Perez v. Merit Systems Protection Bd., 85 F.3d 591, 594 n.3 (Fed. Cir. 1996).

On this record, the Board correctly concluded that it lacked jurisdiction over Ramos' appeal because (1) he was terminated during his probationary period and (2) he was not a preference eligible. For the latter reason, the Board necessarily had no jurisdiction over his appeal under the Veterans Employment Opportunity Act, which covers only preference eligibles. See 5 U.S.C. § 3330a; Campion v. Merit Systems Protection Bd., 326 F.3d 1210, 1213–14 (Fed. Cir. 2003).

## CONCLUSION

The decision of the Board dismissing Ramos' appeal for lack of jurisdiction is

AFFIRMED.