NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ELIZABETH RUTH DABNEY,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3149

---

Petition for review of the Merit Systems Protection Board in No. AT0752120448-I-1.

---

Decided:  June 5, 2014

---

ELIZABETH RUTH DABNEY, of Memphis, Tennessee, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Elizabeth Ruth Dabney appeals the decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. Because the Board correctly found that Ms. Dabney is not a preference-eligible veteran, the dismissal is affirmed.

### DISCUSSION

Ms. Dabney was employed as a Rural Carrier Associate with the U.S. Postal Service from 2006 to 2012, when she was removed for violating the Postal Service's Standard of Conduct, based on the following event: On Saturday October 22, 2011 Ms. Dabney was delivering a package when she exited her vehicle without setting the parking brake. The vehicle rolled backwards and struck a second vehicle parked nearby. The incident resulted in damage to both vehicles.

On October 27, 2011 the Postal Service issued a notice of proposed removal, citing her accident as the primary cause for removal. Ms. Dabney appealed to the Board on April 12, 2012. The Postal Service moved to dismiss Ms. Dabney's claim on two bases: (1) she was not an "employee" with appeal rights within the meaning of 5 U.S.C. §7511(a)(1)(B) because she was not a preference eligible veteran, and (2) she lacked an appealable claim under 5 U.S.C. §7512 because her removal had not been effected at the time of her appeal. [1]

---

[1] The Postal Service finalized Ms. Dabney's removal effective May 14, 2012. She independently appealed that action to the Board. The Board dismissed the second appeal for the same reason cited in this case, *i.e.*, lack of preference eligibility. *Dabney v. U.S. Postal Serv.*, M.S.P.B. Docket No. AT-0752-13-0320-I-1 (May 14, 2013).

By statute, a Postal Service employee who seeks to appeal a removal decision to the Board must be a preference eligible veteran, a management or supervisory employee, or an employee engaged in certain personnel work. 5 U.S.C. §7511(a)(1)(B) (2006); 39 U.S.C. §1005(a) (2011). The definition of preference eligibility is limited to those veterans who:

> (A) served on active duty in the armed forces during a war, in a campaign or expedition for which a campaign badge has been authorized, or during the period beginning April 28, 1952, and ending July 1, 1955; [or]

> (B) served on active duty as defined by section 101 (21) of title 38 at any time in the armed forces for a period of more than 180 consecutive days any part of which occurred after January 31, 1955, and before October 15, 1976, not including service under section 12103(d) of title 10 pursuant to an enlistment in the Army National Guard or the Air National Guard or as a Reserve for service in the Army Reserve, Navy Reserve, Air Force Reserve, Marine Corps Reserve, or Coast Guard Reserve; [or]

> (C) served on active duty as defined by section 101 (21) of title 38 in the armed forces during the period beginning on August 2, 1990, and ending on January 2, 1992; [or]

> (D) served on active duty as defined by section 101 (21) of title 38 at any time in the armed forces for a period of more than 180 consecutive days any part of which occurred during the period beginning on September 11, 2001, and ending on the date prescribed by Presidential proclamation or by law as the last date of Operation Iraqi Freedom;

5 U.S.C. §§2108(1), (3) (2011).

Ms. Dabney disputes the finding that she is not a preference eligible veteran. She submitted her Form DD214, which showed that she served in active duty in the Army from November 1, 1978 to October 10, 1980. She also provided a Notice of Personnel Action that listed her veteran's preference as "2".

The Board's Administrative Judge ruled that Ms. Dabney did not qualify as a preference eligible veteran, for she did not satisfy the criteria set forth in 5 U.S.C. §2108. Ms. Dabney responded that she served in and was honorably discharged from the United States Armed Forces. She further stated that jurisdiction should be found because she was injured while working for the Postal Service prior to this vehicular accident, and was returned to work under a limited-duty job offer.

The AJ held that Ms. Dabney's Form DD214 did not establish preference eligibility for Postal Service appeal purposes because it did not show that Ms. Dabney ever received a campaign badge or served in a campaign or expedition for which a campaign badge has been authorized. Ms. Dabney's Army service of 1978–80 does not correspond to any of the time periods specified in Section 2108, and her Form DD214 does not state that Ms. Dabney received a campaign badge or served in a campaign for which a campaign badge has been authorized. Although Ms. Dabney received Sharpshooter Badges for the M16 rifle and the hand grenade, those badges do not qualify as campaign badges as designated by the Office of Personnel Management's Veterans Guide. *See* http://www.opm.gov/policy-data-oversight/veterans-services/vet-guide#9.

Ms. Dabney relies on the Notice of Personnel Action that lists her veterans preference as "2" to support her claim of preference eligibility. However, Ms. Dabney does not contend that her military record Form DD214 inaccurately portrays her service record. The military record

must be afforded controlling weight. *See Perez v. Merit Sys. Prot. Bd.*, 85 F.3d 591, 594 (Fed. Cir. 1996); *Gordon-Cureton v. U.S. Postal Serv.*, 107 M.S.P.R. 79, 85–86 (2007); *Sellers v. U.S. Postal Serv.*, 98 M.S.P.R. 44, 49 (2004).

The AJ deemed Ms. Dabney's reference to her injury to be a new claim for a compensable injury, which he severed and docketed for separate adjudication. The full Board affirmed the AJ. Ms. Dabney argues that the Board erred because it did not consider her limited duty status in its decision, and also that she raised allegations of discrimination which were not addressed by the Board. The government responds that Ms. Dabney's limited duty status is not relevant to the present appeal as it was docketed as a separate appeal and was not addressed by the Board.

In her supplemental briefing, Ms. Dabney argues that the Board should have considered her allegations of discrimination. Assuming Ms. Dabney raised a claim for discrimination before the Board, it could not review those allegations in the absence of an otherwise appealable action. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245–46 (Fed. Cir. 1991) (en banc).

The Board's dismissal of Ms. Dabney's appeal for lack of jurisdiction must be affirmed.[2]

---

[2] On May 15, 2014 Ms. Dabney filed a Motion to Compel Agency to File Response for Hearing Held January 10, 2014. Ms. Dabney's case was received without oral hearing, and was decided by a panel of judges based on the written submissions of the parties. *See* Notice of Calendaring – Notice of Submission without Oral Argument, mailed to Ms. Dabney on Nov. 21, 2013 ("Because the court has not allotted time for oral argument, nothing concerning this case will take place in open court even

**AFFIRMED**

Costs

Each party shall bear its own costs.

---

though the appeal appears on the court's calendar for that day."). No further response from the agency was appropriate. Accordingly, the motion is denied.