# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LEON PEARSON,
  Appellant,

  v.

UNITED STATES POSTAL SERVICE,
  Agency.

DOCKET NUMBER
NY-0752-17-0050-I-1

DATE: June 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leon Pearson, New York, New York, pro se.

Managing Counsel, New York, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his alleged constructive suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On December 1, 2016, the appellant, a Mail Handler, filed an appeal in which he challenged the agency's action placing him in an emergency off-duty status for more than 14 days, effective August 3, 2016, based on its determination that he could be injurious to himself or others. Initial Appeal File (IAF), Tab 1 at 3, 14. The appellant indicated that he was entitled to veterans' preference, *id.* at 2, and submitted evidence showing that he served on active duty with the Army from November 6, 1980, to November 5, 1984, and received an honorable discharge, *id.* at 20-21. He requested a hearing. *Id.* at 2. In acknowledging the appeal, the administrative judge noted that, because the appellant is a Postal Service employee, the Board might not have jurisdiction over his appeal, and directed him to file evidence and argument on that issue. 39 U.S.C. § 1005(a); 5 U.S.C. § 2108; IAF, Tab 2. The administrative judge also issued an order to show cause, setting forth the requirements for the appellant to establish that he is a preference eligible, 5 U.S.C. § 2108(3)(A)-(H), and ordering him to address the matter by filing evidence and argument, IAF, Tab 3, but the appellant did not respond.

¶3     In an initial decision based on the written record,[2] the administrative judge dismissed the appeal for lack of jurisdiction.[3]  IAF, Tab 4, Initial Decision (ID) at 1, 4.  He found it undisputed that the appellant held a craft position; that is, not a management or supervisory position, and that therefore he must establish that he is a preference eligible to appeal to the Board.  39 U.S.C. § 1005(a); 5 U.S.C. § 2108.  The administrative judge found, however, that, notwithstanding the appellant's 4 years of military service from 1980 to 1984, he did not claim that he served during a war, in a campaign or expedition for which a campaign badge has been authorized, and that, therefore, he failed to raise a nonfrivolous allegation that he is a preference eligible.  ID at 4.

¶4     The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, and a supplement thereto, PFR File, Tab 3.

## ANALYSIS

¶5     A nonmanagement or nonsupervisory Postal employee or an employee who is not engaged in certain personnel work who seeks to appeal an adverse action to the Board must be a preference-eligible veteran.  5 U.S.C. § 7511(a)(1)(B); 39 U.S.C. § 1005(a)(4)(A).  Pursuant to 5 U.S.C. § 2108(1), (3), the definition of preference eligibility is limited to those veterans who:

> (A) served on active duty in the armed forces during a war, in a campaign or expedition for which a campaign badge has been authorized, or during the period beginning April 28, 1952, and ending July 1, 1955 . . . .[4]

---

[2] Finding that the appellant failed to establish a factual dispute bearing on the issue of jurisdiction, the administrative judge did not convene the requested hearing.  IAF, Tab 4, Initial Decision (ID) at 1.

[3] Based on this disposition, the administrative judge did not address the timeliness of the appeal.  ID at 4 n.2.

[4] Subparts (B), (C), and (D) refer to veterans who served on active duty during other specific timeframes which do not include the 1980s and therefore do not apply to this case.

¶6    The appellant does not allege that he served during a war or during the period beginning April 28, 1952, and ending July 1, 1955.  Rather, he claims on review that he "served during the Falkland War for which a campaign badge was authorized."[5]  PFR File, Tab 1 at 1.  Not only has the appellant failed to support this claim, but the "Falkland War" is not among the U.S. Campaigns and Expeditions of the Armed Forces Which Qualify for Veterans' Preference as set forth in the Office of Personnel Management's (OPM's) Veterans' Guide Appendix A.  *See* U.S. Office of Personnel Management, *Vet Guide for HR Professionals*,  https://www.opm.gov/policy-data-oversight/veterans-services/vet-guide-for-hr-professionals/#9.  The appellant also has submitted on review a copy of a Postal Service Form 50 generated during his tenure with the agency,[6] but it indicates that he does not have veterans' preference.[7]  PFR File, Tab 1 at 6.

¶7    In the supplement to his petition, the appellant has submitted a copy of his DD-214, Certificate of Release or Discharge from Active Duty.[8]  PFR File, Tab 3

---

[5] The appellant did not raise this claim below, but we have considered it because it relates to the dispositive jurisdictional issue in this case.

[6] Although the appellant did not submit this document during the proceeding below, we have considered it because it bears on the jurisdictional issue in this case.

[7] With his petition, the appellant has submitted a number of other documents, including a Confidential Witness Affidavit.  PFR File, Tab 1 at 34-37.  Although this document appears to be new in that it is dated after the close of the record below, it has no bearing on the dispositive jurisdictional issue of this case and therefore we have not considered it.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will generally not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).  As to the other documents the appellant has submitted on review, including one that appears to relate to his efforts to secure other employment, PFR File, Tab 1 at 40, one from an unidentified website, *id.* at 45, and one from the Department of Veterans Affairs regarding his coverage under the Affordable Care Act, *id.* at 46, they are neither new nor material, *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *Russo*, 3 M.S.P.R. at 349, and we have not considered them.

[8] We have considered this document because it appears that the appellant did not receive it until after the record closed below and he did submit evidence showing that he was attempting to secure a copy.  PFR File, Tab 1 at 3-5.  Moreover, it bears on the dispositive jurisdictional issue of this case.

at 3. The document further supports the appellant's claim that he served on active duty from November 6, 1980, to November 5, 1984, but it does not establish that he ever received a campaign badge or served in a campaign or expedition for which a campaign badge has been authorized. *Id.*; *see Perez v. Merit Systems Protection Board*, 85 F.3d 591, 594 (Fed. Cir. 1996) (observing that a military record must be afforded controlling weight). Although the appellant's DD-214 shows that he was awarded an "Overseas Service Ribbon, Army Service Ribbon, [and] Marksman (M-16 Rifle)," PFR File, Tab 3 at 3, only certain badges qualify as campaign badges as designated by OPM's Veterans' Guide, and these are not among them, *see, e.g.*, *Dabney v. Merit Systems Protection Board*, 566 F. App'x 920 (Fed. Cir. 2014).[9]

¶8      Because the appellant has not established that he is a preference eligible, the Board does not have jurisdiction over the appeal of his alleged constructive suspension and the administrative judge properly dismissed it on that basis.

## NOTICE OF APPEAL RIGHTS[10]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[9] The Board may rely on unpublished Federal Circuit decisions if, as here, it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:              /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.