## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PASQUALE J. VENTRIGLIA,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
DC-0752-18-0388-I-1

DATE: May 2, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Pasquale J. Ventriglia</u>, Warrenton, Virginia, pro se.

<u>Earl L. Cotton</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his removal for lack of Board jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant served as an Electronic Technician at the agency's Dulles Processing and Distribution Center in Virginia. Initial Appeal File (IAF), Tab 5 at 8. The appellant began working for the agency in 1998. *Id*. Effective March 3, 2018, the agency removed the appellant on the charge of improper conduct. IAF, Tab 4 at 2-6, Tab 5 at 8. On March 19, 2018, the appellant filed an appeal with the Board contesting his removal, claiming that he was preference eligible. IAF, Tab 1.

The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant was not an "employee" with Board appeal rights, as he was not preference eligible based on his military service. IAF, Tab 5. The appellant opposed the motion, averring that he was preference eligible because he served in the U.S. Army in an active-duty status from 1979 to 1987, and was part of a campaign or expedition for which the Korea Defense Service Medal (KDSM) was authorized. IAF, Tabs 9, 10, 17. In support of his position, the appellant submitted his Department of Defense Form 214, Certificate of Discharge from Active Duty (DD Form 214), which outlined his more than 7 years of active service, along with documentation from the National Personnel Records Center stating that he was awarded the KDSM. IAF, Tab 9 at 10, Tab 17 at 5.

The administrative judge issued the appellant two orders outlining his burden to establish jurisdiction over his appeal. IAF, Tabs 7, 13. In response, the appellant stated that his DD Form 214 did not include the KDSM because the form was issued to him in 1987, when he was honorably discharged from the military and the KDSM was not awarded to him until 2005. IAF, Tab 17 at 1-5. After considering the parties' replies, the administrative judge issued an initial decision dismissing the appeal for lack of Board jurisdiction. IAF, Tabs 17-19, Tab 22, Initial Decision (ID) at 1-5. Specifically, the administrative judge found that the appellant was not an "employee" with Board appeal rights, as he failed to prove that he was a preference eligible because his DD Form 214 did not list

receipt of the KDSM (or any other relevant campaign badge).[2] ID at 4. The appellant's petition for review followed, and the agency responded in opposition. Petition for Review File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant met his burden of establishing Board jurisdiction over his appeal by preponderant evidence.</u>

The Board's jurisdiction is not plenary, but rather is limited to that granted by law, rule, or regulation. *Edwards v. Department of Veterans Affairs*, 82 M.S.P.R. 593, ¶ 4 (1999). An appellant bears the burden of proving Board jurisdiction in a removal appeal by preponderant evidence. 5 C.F.R. § 1201.56(b) (2)(i)(A). Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge his removal from the Federal service by filing an appeal with the Board. 5 U.S.C. §§ 7512(1), 7513(d). In order for a Postal Service employee to meet this definition, he must: (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions. *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012); *see* 39 U.S.C. § 1005(a); 5 U.S.C. § 7511(a)(1)(B) (ii).

In accordance with 5 U.S.C. § 2108(3)(A), an individual who meets the definition of a "veteran" in section 2108(1)(A) qualifies as "preference eligible." A "veteran" means an individual who "[s]erved on active duty in the armed forces during a war, [or] in a campaign or expedition for which a campaign badge has been authorized . . . ." 5 U.S.C. § 2108(1)(A). Our reviewing court has explained that this provision requires an appellant to prove both that he was on active duty in the armed forces during, or at the time of, the campaign, and that he actually served in the campaign or expedition for which the campaign badge

---

[2] The appellant withdrew his request for a hearing. IAF, Tab 21 at 3.

was authorized.[3] *See Perez v. Merit Systems Protection Board*, 85 F.3d 591, 594 (Fed. Cir. 1996).

In the initial decision, the administrative judge found that the appellant did not prove that he was preference eligible because his DD Form 214 does not show that he received an authorized campaign badge. ID at 4. Yet, there is no requirement that an appellant provide a DD Form 214 listing a campaign badge in order to be deemed preference eligible. While producing a DD Form 214 is one of the methods by which an appellant can prove veterans' preference eligibility, it is not the only method. *See Hamilton v. U.S. Postal Service*, 86 M.S.P.R. 215, ¶ 7 (2000) (holding that a DD Form 214 is acceptable proof of entitlement to veterans' preference). According to the Office of Personnel Management (OPM), a DD Form 214 ". . . or other official documents issued by the branch of service are required as verification of eligibility for Veterans preference." OPM, Veterans Services, Vet Guide, https://www.opm.gov/policy-data-oversight/veterans-services/vet-guide-for-hr-professionals/ (last visited May 2, 2024).

The KDSM is included on the list of campaigns and expeditions which qualify for veterans' preference. *Id*. Section 543 of the Bob Stump National Defense Authorization Act for Fiscal Year 2003 directed the Secretary of the Army to issue the KDSM "to each . . . member of the Army [who] served in the Republic of Korea or the waters adjacent thereto . . ." beginning on July 28, 1954. Pub. L. No. 107-314, 116 Stat. 2458, 2549; *see* 10 U.S.C. § 7286.[4] The KDSM is not listed on the appellant's DD Form 214 included in the record, as that form

---

[3] An Armed Forces Expeditionary Medal, such as the KDSM, is the same for preference eligibility purposes as a campaign badge. *Sellers v. U.S. Postal Service*, 98 M.S.P.R. 44, ¶¶ 9-10 (2004); OPM, Veterans Services, Vet Guide, https://www.opm.gov/policy-data-oversight/veterans-services/vet-guide-for-hr-professionals/ (last visited May 2, 2024).

[4] This provision of law was originally codified in 2002 at 10 U.S.C. § 3755. It was renumbered as 10 U.S.C. § 3756 in 2004, Pub. L. No. 108-375, 118 Stat. 1811, 2063, and renumbered again as 10 U.S.C. § 7286 in 2018, Pub. L. No. 115-232, 132 Stat. 1636, 1838.

was issued in 1987, and the KDSM was not authorized by Congress until approximately 16 years later. Because the appellant's DD Form 214 did not denote receipt of the KDSM, he submitted a letter from the office at the National Personnel Records Center that oversees military records confirming that he was awarded the KDSM. IAF, Tab 9 at 10. This submission is the type of document recognized in OPM's guidance as acceptable to verify eligibility for veterans' preference.

We find that, based on the evidence of record, the appellant proved by preponderant evidence that he is a preference eligible employee because he served on active duty in the armed forces in a campaign for which a campaign badge was authorized and he also completed 1 year of current continuous service with the Postal Service in the same or similar positions.[5] As such, the appellant is an "employee" under 5 U.S.C. § 7511(a)(1)(B)(ii), and the Board has jurisdiction over this appeal. *See* 5 U.S.C. § 7513(d). A remand of this appeal to be adjudicated on the merits is warranted. *See Collins v. U.S. Postal Service*, 88 M.S.P.R. 551, ¶¶ 10-11 (2001) (remanding an appeal of a removal for further adjudication after finding that the appellant met his burden in proving that he is an "employee" with Board appeal rights due to his preference eligibility).

---

[5] Title 38 of the United States Code, section 5303A(d)(1)-(2), excludes a veteran from preference eligibility if his active-duty service began after September 7, 1980, and he did not serve either 24 continuous months on active duty or the full period for which he was called. This provision does not apply to the appellant, as he began his more than 7 years of continuous active-duty service tenure in 1979. IAF, Tab 17 at 5.

**ORDER**

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this remand order.[6]

FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.

_____

[6] As an employee with Board appeal rights, the appellant had the right to receive prior notice and an opportunity to respond to his proposed removal. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *see also Ray v. Department of the Army*, 97 M.S.P.R. 101, ¶ 22 (2004), *aff'd*, 176 F. App'x 110 (Fed. Cir. 2006) (Table). The record on whether the appellant received this minimal due process is unclear. On remand, this issue shall be addressed by the administrative judge. In addition, the appellant repeatedly alleged that the agency removed him in reprisal for whistleblowing activity. IAF, Tab 9 at 11-12, Tab 20 at 3. While Postal Service employees cannot bring a claim of whistleblower reprisal under 5 U.S.C. § 1221, the claim can be raised as an affirmative defense in a Board appeal of an otherwise appealable action. *See Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 8 (2016). If the administrative judge determines that the appellant raised this as an affirmative defense, it too shall be adjudicated on remand.